UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARGARET WHETSTONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 3:05cv1171-F |
| v. | ) |
| | ) |
| FRED'S STORES OF | ) |
| TENNESSEE, INC., CINTAS CORP., et al. | ) |
| | ) |
| Defendants. | ) |

## ANSWER

COMES NOW Cintas Corp., a Defendant in the above-styled cause, and responds to the Plaintiff's complaint as follows, to-wit:

1. Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 1, Count One, of the Plaintiff's complaint and, therefore, denies same.

2. Defendant denies the allegations contained in paragraph 2, Count One, of the Plaintiff's complaint and demands strict proof thereof.

3. Defendant denies the allegations contained in paragraph 3, Count One, of the Plaintiff's complaint and demands strict proof thereof.

4. Defendant denies the allegations contained in paragraph 4, Count One, of the Plaintiff's complaint and demands strict proof thereof.

5. Defendant denies the allegations contained in paragraph 5, Count One, of the Plaintiff's complaint and demands strict proof thereof.

6. Defendant denies the allegations contained in the first unnumbered paragraph which begins with "WHEREFORE" and demands strict proof thereof.

## FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendant is not guilty of the allegations made against it; therefore, Plaintiff ought not recover.

## THIRD DEFENSE

Defendant is not the proper party.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff was contributorily negligent.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff assumed the risk.

## THIRD AFFIRMATIVE DEFENSE

The condition alleged by the Plaintiff in her complaint was open and obvious.

## FOURTH AFFIRMATIVE DEFENSE

Defendant denies that it has been guilty of any conduct which entitles the Plaintiff to recover punitive damages.

## FIFTH AFFIRMATIVE DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case would be in violation of the constitutional safeguards provided to Defendant under the Constitution of the State of Alabama.

## SIXTH AFFIRMATIVE DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case would be in

violation of the constitutional safeguards provided to the Defendant under the Constitution of the United States of America.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case would be in violation of the constitutional safeguards provided to Defendant under the Due Process clause of the Fourteenth Amendment to the Constitution of the United States of America in that punitive damages are vague and are not rationally related to the legitimate government interest.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case would be in violation of Article I, Section 6, of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

## NINTH AFFIRMATIVE DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case would be in violation of the procedural safeguards provided to Defendants under the Sixth Amendment of the Constitution of the United States of America in that punitive damages are penal in nature, and consequently, Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

## TENTH AFFIRMATIVE DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case would be in violation of the Self-Incrimination Clause of the Fifth Amendment of the Constitution of the United States of America since to impose punitive damages against it, which are penal in nature, would

compel it to disclose potentially incriminating documents and evidence.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case would be in violation of Article I, Section 15, of the Constitution of the State of Alabama, in that the damages would be an excessive fine.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages on its face and/or as applied, violate Article I, Section 10, and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, separately and severally, of the Constitution of the United States and Article I, Sections 6, 11, 13, 15, and 22 of the Constitution of Alabama, separately and severally, on each of the following separate and several grounds:

(a) The present Alabama procedures fail to provide sufficiently objective and specific standards by which juries may award punitive damages against these Defendants for the same alleged act of wrongdoing.

(b) The present Alabama procedures fail to provide constitutional, sufficiently objective and specific standards by which juries may award judgments.

(c) The present Alabama procedures fail to provide a constitutional and reasonable limit on the amount of the award against these Defendants.

(d) The present Alabama procedures permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(e) The present Alabama procedures fail to provide a sufficiently clear, objective and consistent appellate standard of review of an award of punitive damages.

(f) The present Alabama procedures may permit the admission of evidence relative to

punitive damages in the same proceedings during which liability is determined.

(g) The standards of conduct upon which punitive damages are sought are unconstitutionally vague.

(h) The present Alabama procedures do not allow for the jury to be instructed to adhere to any ascertainable standard or apply any specified sets of factors, and, accordingly, no appellate court can subsequently determine whether the jury improperly applied or ignored any standard or set of factors.

(i) The availability of punitive damages, which are penal in nature, against a civil defendant upon plaintiff satisfying a burden of proof which is less than that required in criminal cases is constitutionally deficient.

(j) The present Alabama procedures fail to provide a meaningful procedure for challenging the excessiveness of an award of punitive damages.

(k) The award of or extra-contractual damages on the basis of vicarious liability for the conduct of others violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution as well as the Alabama Constitutional provisions set forth above.

(l) It is improper and unconstitutional to assess punitive damages and derivative or attributed liability, such as respondeat superior liability.

(m) The present Alabama procedures fail to provide protection against an excessive amount of punitive damages.

(n) The present Alabama procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts or degrees of wrongdoing or culpability.

(o) The current Alabama procedures permit the imposition of substantially different

5

punishments for the same and similar conduct.

(p) The current Alabama procedures permit the impairment of obligations to contracts.

(q) The current Alabama procedures do not require the bifurcation of the trial so that the punitive damages issue may be heard separately.

(r) The current Alabama procedures permit the imposition of multiple punishments for the same alleged act of wrongdoing.

(s) The current Alabama procedures prohibit the jury from hearing the same evidence and deciding the issue of remittitur which is now under the sole province of the trial court.

(t) The current Alabama procedures permit the imposition of punitive damages and the enforcement of the same against one defendant when, in fact, multiple defendants have been found culpable.

## THIRTEENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case could violate the equal protection clause of the Fifth and Fourteenth Amendments to the United States Constitution, separately, and would deprive Defendant of the right to equal protection under the law as provided in Article I, Section 6, of the Alabama Constitution because, among other reasons, criminal defendants are placed in a position of distinct advantage over civil defendants of comparable culpability due to the disparity in punitive treatment for similar conduct and because the absence of sufficiently specific and objective standards for the imposition of punitive damages fails to ensure equality of treatment between and among similarly situated civil defendants in the same case or in different cases.

## FOURTEENTH AFFIRMATIVE DEFENSE

The present Alabama procedures pursuant to which punitive damages are awarded permit

the imposition of punitive damages in excess of the maximum criminal fine of the same or similar conduct, which thereby infringes upon the due process and equal protection provision of the Alabama and United States Constitutions.

_____
CARROLL H. SULLIVAN (SULL8646)
GEORGE M. ZOGHBY (ZOGH4188)
Attorneys for Cintas Corp.

**OF COUNSEL:**
SCOTT, SULLIVAN, STREETMAN & FOX, P.C.
Post Office Box 1034
Mobile, Alabama 36633
(251) 433-1346

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of December, 2005, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel:

Timothy B. Davis, Esq.
DAVIS & DAVIS, L.L.C.
P. O. BOX 1778
5 Lee Street
Alexander City, AL 35011-1778

Elizabeth Jackson, Esquire
CARR ALLISON
100 Vestavia Parkway, Suite 200
Birmingham, Alabama 35216

and by placing a copy of same in the United States mail, postage prepaid, addressed as follows:

Timothy B. Davis, Esq.
DAVIS & DAVIS, L.L.C.
P. O. BOX 1778
5 Lee Street
Alexander City, AL 35011-1778

_____
OF COUNSEL