# EXHIBIT 1

IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY
AT ALEXANDER CITY, ALABAMA

| | |
|---|---|
| MARGARET TURNER WHETSTONE,<br>    Plaintiff,<br>v.<br>FRED'S, INC.<br>and Fictitious parties<br>"A" and "B" intended to designate<br>those person(s), individual(s),<br>corporation(s) or entity(ies) who<br>caused or allowed the dangerous condition<br>to exist on the Fred's premises and/or<br>who caused or contributed to the injuries<br>sustained by the Plaintiff made<br>the basis of this lawsuit.<br>CINTAS CORPORATION,<br>and Fictitious parties<br>"C" and "D" intending to designate<br>those person(s), individual(s),<br>corporation(s) or entity(ies) who<br>are responsible for maintaining the entrance<br>mats and rugs in a clean, save and hazard<br>free condition and who acts or omissions<br>individually and/or jointly with other<br>defendants combined to proximately<br>cause the Plaintiff's injuries whose<br>true names are unknown at this time,<br>but will be amended once ascertained.<br>    Defendants. | CASE NO.: CV-05-246  |

## SUMMONS

**TO ANY SHERIFF, VIA CERTIFIED MAIL OR ANY PERSON AUTHORIZED BY RULE 4(a)(3) OF THE ALABAMA RULES OF CIVIL PROCEDURE TO EFFECT SERVICE IN THE STATE OF ALABAMA.**

You are hereby commanded to serve this summons and a copy of the complaint in this action upon the Defendant(s). Fred's Inc., 4300 New Getwell Road, Memphis, Tennessee, 38118

Said Defendant(s) is (are) required to serve a copy of a written answer to the complaint upon **Hon. Timothy B. Davis** of the firm of DAVIS & DAVIS, L.L.C., Post Office Box 1778, Alexander City, Alabama, 35011, Attorney for the Plaintiff(s), within **30 days** from the date of service of this summons, excluding the day of service of the summons, and to file the original of said written answer with the Clerk of this Court at the time of service of the answer upon the Attorney of Record for the Plaintiff(s), or within a reasonable time thereafter. If any defendant fails to do so, a judgment by default may be entered against him for the relief complained of in the complaint.

_____
CLERK OF THE COURT

IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY
AT ALEXANDER CITY, ALABAMA

MARGARET TURNER WHETSTONE,                )
                                          )
    Plaintiff,                            )
                                          )        CASE NO.: CV-05-246
v.                                        )
                                          )
FRED'S, INC.                              )
and Fictitious parties                    )
"A" and "B" intended to designate         )
those person(s), individual(s),           )
corporation(s) or entity(ies) who         )
caused or allowed the dangerous condition )
to exist on the Fred's premises and/or    )
who caused or contributed to the injuries )
sustained by the Plaintiff made           )
the basis of this lawsuit.                )
CINTAS CORPORATION,                       )
and Fictitious parties                    )
"C" and "D" intending to designate        )
those person(s), individual(s),           )
corporation(s) or entity(ies) who         )
are responsible for maintaining the entrance )
mats and rugs in a clean, save and hazard )
free condition and who acts or omissions  )
individually and/or jointly with other    )
defendants combined to proximately        )
cause the Plaintiff's injuries whose      )
true names are unknown at this time,      )
but will be amended once ascertained.     )
                                          )
    Defendants.                           )



## COMPLAINT

### COUNT ONE

1.     On or about the 9th day of June, 2002, the defendants, Fred's Inc and/or Fictitious Parties "A" and "B" owned and operated retail stores in the State of Alabama which included a store located in Alexander City, Tallapoosa County, Alabama.

2.     On or about the 4th day of December 2003 Cintas Corporation and/or

Fictitious Parties "C" and "D" that supplied installed and maintained entrance and exit mats in the Fred's Inc. stores in the State of Alabama.

3. On or about the 4th day of December 2003, while Margaret Turner Whetstone (hereinafter "Plaintiff") was an invitee upon the premises of the Defendants' store in Talladega County, Alabama, the Defendants Fred's Inc., Cintas Corporation and/or Fictitious Parties "A", "B", "C" or "D" (hereinafter "Defendants") breached the duty owed to the Plaintiff by: 1) Allowing or causing there to exist a dangerous condition upon the premises which was not open or obvious to the Plaintiff and which caused the premises not to be in a reasonably safe condition; 2) failed to routinely inspect and/or routinely perform maintenance on the fixtures and equipment on the premises to ensure that the fixtures and equipment on the premises did not present a dangerous or unsafe condition which could injury the plaintiff; 3) by providing defective fixtures and/or equipment which when installed upon the premises created a dangerous and unsafe condition, and/or, negligently installing in a defective manner fixtures and/or equipment upon the premises thereby creating a dangerous or unsafe condition; 4) while the premises was unsafe, the Defendants failed to warn of the hidden defects and dangers that were known to it or in the exercise of ordinary care, should have been known to it, but that were unknown or hidden to the Plaintiff; and 5) failing to exercise ordinary and reasonable care to remove the unsafe condition.

4. Even though the Plaintiff exercised reasonable care in leaving the premises the Plaintiff was caused to trip and fall on the unsafe condition that existed on the premises.

5. As a proximate cause and result of the negligent and/or wanton conduct of the Defendants, the Plaintiff, though exercising reasonable care, tripped on the dangerous condition, falling and causing bodily injury to herself, to-wit:

She fell upon her right knee; she was bruised, shocked and knocked; she was made sore about her entire body; she injured her right knee; she went to the emergency room for emergency medical treatment; she has sought treatment from medical physicians and will do so in the future; she underwent a surgical procedure to repair the damage to her knee; she has incurred medical bills and will do so in the future; she was temporarily disabled; she was permanently partially impaired; she has suffered physical pain and mental anguish and will do so in the future; her ability to enjoy life free of pain and without limitations has been forever diminished; and she was otherwise damaged and injured.

WHEREFORE, the premises considered, the Plaintiff demands judgment against the Defendants, jointly and severally, both for compensatory and punitive damages in an amount that exceeds $10,000.00 and the cost of action.

Done this the 9th day of November 2005.

_____
TIMOTHY B. DAVIS (DAV071)
Attorney for Plaintiff

OF COUNSEL:
DAVIS & DAVIS, L.L.C.
P.O. Box 1778
5 Lee Street
Alexander City, AL 35011-1778
Telephone: (256) 329-8100
Facsimile: (256) 329-8186

## JURY DEMAND

**COMES NOW THE PLAINTIFF NOT TO DEMAND TRIAL BY A STRUCK JURY.**

_____
TIMOTHY B. DAVIS (DAV071)

## SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:

Fred's Inc.
4300 New Getwell Road
Memphis, Tennessee 38118

Cintas
6800 Cintas Blvd.
PO Box 625737
Cincinnati, OH 45262-5737

IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY
AT ALEXANDER CITY, ALABAMA

| | |
|---|---|
| MARGARET TURNER WHETSTONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: CV-05-246 |
| ) | |
| FRED'S, INC. ) | |
| and Fictitious parties ) | |
| "A" and "B" intended to designate ) | |
| those person(s), individual(s), ) | |
| corporation(s) or entity(ies) who ) | |
| caused or allowed the dangerous condition ) | |
| to exist on the Fred's premises and/or ) | |
| who caused or contributed to the injuries ) | |
| sustained by the Plaintiff made ) | |
| the basis of this lawsuit. ) | |
| CINTAS CORPORATION, ) | |
| and Fictitious parties ) | |
| "C" and "D" intending to designate ) | |
| those person(s), individual(s), ) | |
| corporation(s) or entity(ies) who ) | |
| are responsible for maintaining the entrance ) | |
| mats and rugs in a clean, save and hazard ) | |
| free condition and who acts or omissions ) | |
| individually and/or jointly with other ) | |
| defendants combined to proximately ) | |
| cause the Plaintiff's injuries whose ) | |
| true names are unknown at this time, ) | |
| but will be amended once ascertained. ) | |
| ) | |
| Defendants. ) | |

## NOTICE TO CLERK OF FILING DISCOVERY

TO:   Mr. Frank Lucas
      Tallapoosa County Circuit Clerk
      Alexander City, Alabama 35010

   Please take notice that the following discovery document(s) has been filed on behalf of the Plaintiff. PLEASE STAMP THE EXTRA COPY OF THIS NOTICE ENCLOSED WITH THE DATE FILED.

(X) Plaintiff's Request for Admissions, Request for Production of Documents and Interrogatories for Defendant, Fred's Inc.

(X) Plaintiff's Request for Admissions, Request for Production of Documents and Interrogatories for Defendant, Cintas Corporation

Respectfully submitted this the 7th day of November 2005.

*[signature]*

Timothy B. Davis (DAV071)
Attorney for Plaintiff

OF COUNSEL:
DAVIS & DAVIS, L.L.C.
5 Lee Street
Post Office Box 1778
Alexander City, Alabama 35011-1778
(256) 329-8100

**PLEASE SERVE WITH SUMMONS AND COMPLAINT**

IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY
AT ALEXANDER CITY, ALABAMA

| | |
|---|---|
| MARGARET TURNER WHETSTONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: CV-05-246 |
| ) | |
| FRED'S, INC. ) | |
| and Fictitious parties ) | |
| "A" and "B" intended to designate ) | |
| those person(s), individual(s), ) | |
| corporation(s) or entity(ies) who ) | |
| caused or allowed the dangerous condition ) | |
| to exist on the Fred's premises and/or ) | |
| who caused or contributed to the injuries ) | |
| sustained by the Plaintiff made ) | |
| the basis of this lawsuit. ) | |
| CINTAS CORPORATION, ) | |
| and Fictitious parties ) | |
| "C" and "D" intending to designate ) | |
| those person(s), individual(s), ) | |
| corporation(s) or entity(ies) who ) | |
| are responsible for maintaining the entrance ) | |
| mats and rugs in a clean, save and hazard ) | |
| free condition and who acts or omissions ) | |
| individually and/or jointly with other ) | |
| defendants combined to proximately ) | |
| cause the Plaintiff's injuries whose ) | |
| true names are unknown at this time, ) | |
| but will be amended once ascertained. ) | |
| ) | |
| Defendants. ) | |

### REQUEST FOR ADMISSIONS TO DEFENDANT, FRED'S INC.

COMES NOW the Plaintiff in the above-styled cause to propound these requests upon the Defendants to admit or deny each of the following:

1. That on or about the 4th day of December, 2003, Margaret Turner Whetstone was a patron, customer or shopper at the Fred's Inc. Store in Sylacauga, Alabama.

2. That as a patron, customer or shopper, the Plaintiff, Margaret Turner Whetstone,

was an invitee upon the premises at the Fred's Inc. Store in Sylacauga, Alabama.

3. That on or about the 4th day of December, 2003, the Fred's Inc. Store was the invitor and as such owed a duty to Margaret Turner Whetstone to keep its premises in a reasonably safe condition, and, if the premises was unsafe, to warn of hidden defects and dangers that were known to it, but that were unknown or hidden to the Plaintiff.

4. That it was reported to you that Margaret Turner Whetstone tripped and fell on the premises on or about the 4th day of December, 2003.

5. That as a result of the fall on the premises on or about the 4th day of December, 2003, Margaret Turner Whetstone was required to seek emergency medical treatment and was otherwise injured.

6. That the medical treatments and medical charges from Russell Medical Center for the injuries the Plaintiff received as a result of the fall on the Fred's Inc. premises on or about the 4th day of December, 2003 were necessary, reasonable and comparable for physicians and medical facilities East Central Alabama area.

7. That the medical treatments and medical charges from Dr. Graham Howorth for the injuries the Plaintiff received as a result of the fall on the Fred's Inc. premises on or about the 4th day of December, 2003 were necessary, reasonable and comparable for physicians and medical facilities in East Central Alabama area.

8. That the medical treatments and medical charges from Baptist Coosa Valley for the injuries the Plaintiff received as a result of the fall on the Fred's Inc. premises on or about the 4th day of December, 2003 were necessary, reasonable and comparable for physicians and medical facilities in East Central Alabama area.

9. That the medical treatments and medical charges from Lake Martin Physical

Therapy for the injuries the Plaintiff received as a result of the fall on the Fred's Inc. premises on or about the 4th day of December, 2003 were necessary, reasonable and comparable for physicians and medical facilities in East Central Alabama area.

10. Fred's Inc has a contract with Cintas Corporation to supply, install and maintain entrance and exit doorway floor mats in its Alabama stores, which included Sylacauga and Alexander City, Alabama stores.

11. Fred's Inc has a store and otherwise does retail sales business through its agents, servants and employees in Alexander City, Tallapoosa County, Alabama.

12. The location of the Fred's Inc store in Alexander City is Cherokee Road, Alexander City, Tallapoosa County, Alabama.

13. The Fred's Inc store in Alexander City operates under a business licenses issued by the City of Alexander City in Tallapoosa County, Alabama.

14. As a foreign corporation doing business in Alexander City, Tallapoosa County, Alabama Fred's Inc pays City of Alexander City sales tax, Tallapoosa County sales tax as well as State of Alabama sales tax.

Respectfully submitted this the 9th day of November 2005.

TIMOTHY B. DAVIS (DAV 071)
Attorney for Plaintiff

OF COUNSEL:
DAVIS & DAVIS, L.L.C.
5 Lee Street
Post Office Box 1778
Alexander City, Alabama 35011-1778
(256) 329-8100

**PLEASE SERVE WITH SUMMONS AND COMPLAINT**

IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY
AT ALEXANDER CITY, ALABAMA

| | |
|---|---|
| MARGARET TURNER WHETSTONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: CV-05-246 |
| ) | |
| FRED'S, INC. ) | |
| and Fictitious parties ) | |
| "A" and "B" intended to designate ) | |
| those person(s), individual(s), ) | |
| corporation(s) or entity(ies) who ) | |
| caused or allowed the dangerous condition ) | |
| to exist on the Fred's premises and/or ) | |
| who caused or contributed to the injuries ) | |
| sustained by the Plaintiff made ) | |
| the basis of this lawsuit. ) | |
| CINTAS CORPORATION, ) | |
| and Fictitious parties ) | |
| "C" and "D" intending to designate ) | |
| those person(s), individual(s), ) | |
| corporation(s) or entity(ies) who ) | |
| are responsible for maintaining the entrance ) | |
| mats and rugs in a clean, save and hazard ) | |
| free condition and who acts or omissions ) | |
| individually and/or jointly with other ) | |
| defendants combined to proximately ) | |
| cause the Plaintiff's injuries whose ) | |
| true names are unknown at this time, ) | |
| but will be amended once ascertained. ) | |
| ) | |
| Defendants. ) | |

### REQUEST FOR PRODUCTION OF DOCUMENTS
### TO DEFENDANT, FRED'S INC.

Comes now the Plaintiff in the above-styled cause to request that the Defendant produce the following at the office of Timothy B. Davis, DAVIS & DAVIS, LLC, 5 Lee Street, Post Office Box 1778, Alexander City, Alabama 35011-1778:

1.   Please provide a true and correct copy of any and all incident or accident reports regarding the fall and injury of the Plaintiff on the premises of the Defendants on the day of the accident made the basis of this lawsuit.

2.   Please provide a true and correct list of the names, addresses and telephone numbers of any and all employees present at the Sylacauga Fred's Inc. store at the time of the accident made the basis of this lawsuit.

3.   Please provide a true and correct copy of any and all reports or statements given by any of the Fred's Inc. employees with regard to the incident made the basis of this lawsuit.

4.   Please provide a true and correct copy of any and all documents, papers, memorandums, e-mails, correspondence, or any other communications of any kind between Fred's Inc. Sylacauga store and the Fred's Inc. home office with regard to this incident made the basis of this lawsuit.

5.   Please produce a certificate of insurance with declaration sheet provided to Fred's Inc. by the independent contractor, who supplied, installed and/or maintained the entrance and exit doorway floor mats in the Sylacauga, Alabama store, which would list the policy limits or would otherwise produce proof of insurance coverage.

6.   Please produce any copies of any communication, correspondence, emails, inter office memos, memorandums or other documents of papers transmitted, mailed, emailed or communicated between Cintas Corporation and you regarding any of your Alabama stores in the year 2003.

7.   Please produce a copy of any and all contract agreements between you and Cintas Corporation.

8. Please produce any owner's manuals, procedural manuals, maintenance manuals, document and procedural manuals or any other product or installation material regarding any fixtures or equipment supplied to you by Cintas Corporation including but not limited to information regarding the entrance and exit doorway floor mats.

9. Please produce certified copies of any and all insurance contracts or policies of insurance that would or possibly could provide coverage to you whether it be liability, umbrella, excess or other insurance.

Respectfully submitted this the 9th day of November 2005.

_____
TIMOTHY B. DAVIS (DAV071)
Attorney for Plaintiff

OF COUNSEL:

DAVIS & DAVIS, L.L.C.
5 Lee Street
Post Office Box 1778
Alexander City, Alabama 35011-1778
(256) 329-8100

**PLEASE SERVE WITH SUMMONS AND COMPLAINT**

IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY
AT ALEXANDER CITY, ALABAMA

| | |
|---|---|
| MARGARET TURNER WHETSTONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: CV-05-2̲7̲6̲ |
| ) | |
| FRED'S, INC. ) | |
| and Fictitious parties ) | |
| "A" and "B" intended to designate ) | |
| those person(s), individual(s), ) | |
| corporation(s) or entity(ies) who ) | |
| caused or allowed the dangerous condition ) | |
| to exist on the Fred's premises and/or ) | |
| who caused or contributed to the injuries ) | |
| sustained by the Plaintiff made ) | |
| the basis of this lawsuit. ) | |
| CINTAS CORPORATION, ) | |
| and Fictitious parties ) | |
| "C" and "D" intending to designate ) | |
| those person(s), individual(s), ) | |
| corporation(s) or entity(ies) who ) | |
| are responsible for maintaining the entrance ) | |
| mats and rugs in a clean, save and hazard ) | |
| free condition and who acts or omissions ) | |
| individually and/or jointly with other ) | |
| defendants combined to proximately ) | |
| cause the Plaintiff's injuries whose ) | |
| true names are unknown at this time, ) | |
| but will be amended once ascertained. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S FIRST AND CONTINUING INTERROGATORIES TO
DEFENDANT FRED'S, INC.**

Comes now the Plaintiff and propounds the following interrogatories to the Defendant to be answered within forty-five (45) days from the date of service in accordance with the Alabama Rules of Civil Procedure:

In answering these interrogatories, you are required to furnish all information available to you, including information in the possession of your attorney or any person acting on behalf, and

not merely such information as is known to you or to which you have personal knowledge. If you cannot answer any particular interrogatory in full, after exercising due diligence to secure the information sought, so state in your answer to the extent possible, specifying your inability to answer the remainder.

You are reminded that under the Alabama Rules of Civil Procedure, you are under a duty to supplement your response with respect to any question addressed to (a) the identity and location of persons having knowledge of discoverable matter, and (b) identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify and the substance of his testimony.

You are under a duty to seasonably amend a prior response if you obtain information upon the basis of which (a) you know that the response was incorrect when made, or (b) you know that the response, though correct when made, is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

Any supplemental responses to be filed and served upon counsel for the Plaintiffs within fifteen (15) days after receipt of such information.

All documents produced in response to these requests shall be produced at the offices of Davis & Davis, L.L.C., 5 Lee Street, Post Office Box 1778, Alexander City, Alabama 35011, during normal business hours.

1. Do you contend that you are not guilty of negligent or wanton conduct in causing the accident made the basis of this suit? If so, please state in detail and specifically the basis of your contention that you are "not guilty" and state all facts and/or evidence upon which you base your contention.

2. Please state the legal and proper name of Fred's Inc.

3. Do you contend that the Plaintiff contributed to the accident? If so, please state in detail and specifically the basis of your contention that she contributed to the accident and state all facts and/or evidence upon which you base your contention.

4. Was the owner, any manager or supervisor or any other employee of Fred's, Inc. notified about the incident made the basis of this lawsuit?

5. If your answer to Interrogatory number 4 is in the affirmative, then state the name, title, business address, home address, business telephone number and home telephone number of the individual that was notified as to the incident made the basis of this lawsuit.

6. Please state whether there was any action that Fred's Inc. could have taken to avoid the incident made the basis of this lawsuit.

7. Please state the name, home address, business address, home telephone number and business telephone number of the individual answering these Interrogatories and in what capacity they are employed with the Defendant.

8. Do you rely upon statutes, codes, standards, regulations, rules, tests, treatise or other written material to support any of the defenses? If so, list said documents and the appropriate section or page number upon which you rely.

9. Have you discussed, taken statements, interviewed, or corresponded with anyone in any way associated with this incident, to include the parties, witnesses, law enforcement officers, medical personnel, or family members of the parties or witnesses. If so, please state in detail the substance of these discussions, interviews, or provide us with copies of any statements or correspondence with any of these individuals.

10. Did you know of any persons who witnessed the accident? If so, please state their name address and phone number.