# EXHIBIT 4

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARGARET WHETSTONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:05cv1171-F |
| ) | |
| FRED'S STORES OF TENNESSEE, INC., ) | |
| CINTAS CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

## MOTION TO REMAND FOR PROCEDURAL DEFECT

COMES NOW the Plaintiff, Margaret Whetstone, in the above referenced matter and pursuant to 28 U.S.C. § 1447(c), respectfully request that this Honorable Court remand this case to the Tallapoosa County Circuit Court and for grounds would show the court that the notice of removal filed by the defendant Fred's Stores of Tennessee, Inc., is procedurally defective because not all properly served defendants have consented to the removal of this action.

The Plaintiff originally filed this action in the Tallapoosa County Circuit Court at Alexander City on November 9th 2005. (Petition of Removal, ¶ 1). The Defendant Fred's Stores of Tennessee, Inc. (hereinafter "Fred's") was served on November 14th 2005 and Defendant Cintas Corporation (hereinafter "Cintas") was served on November 15th 2005. (State court's record exhibit "A" & "B"). All of the Defendants were served prior to the filing of the Notice of Removal and Petition of Removal.

This motion to remand is timely under 28 U.S.C. § 1447(c) as it is being filed within 30 days of the first Notice of Removal filed by Fred's on December 8th 2005.

On December 8th exactly 24 days after being served, a Notice of Removal was filed by the Defendant Fred's in the Circuit Court of Tallapoosa County at Alexander City, Alabama notifying the state court that the Defendant had that day filed its Petition for Removal in the United States District Court for the **Northern District of Alabama**. (Exh. C, Pacer Docket Sheet as of December 13, 2005). The Notice of Removal was signed by the attorney for Fred's. (Notice of Removal, p.1) The Notice of Removal did not contain a consent to removal by the served Defendant, Cintas, nor was it signed by the attorney for Cintas. Cintas has not filed a separate consent to removal in any pleading, let only within the 30 day window of time that it had to do so between November 15th, the day on which it was served, and December 15th, 2005. Additionally, the Notice of Removal incorrectly notified the state court that it had filed its Petition in the United State District Court for the Northern District of Alabama, when in fact, the Defendant had filed it Petition in the Untied States District Court for the Middle District of Alabama. Therefore, the Notice of Removal to the state court was procedurally defective.

> 28 U.S.C. § 1446(a) requires that each defendant file a notice of removal, either independently or by unambiguously joining in or consenting to another defendant's notice, within the thirty [30] day period following service of process. Because the filing requirements contained in 28 U.S.C. § 1446(a) are mandatory, there is no federal jurisdiction when one of the defendants fails to join in, file his own, or *officially* and unambiguously consents to a removal petition within 30 days of service.

*Miles v. Kilgore*, 928 F. Supp. 1071, 1076 (N. D. Ala. 1996).

Based on the foregoing, there is no federal jurisdiction in this matter since the defendant Cintas has failed to join, file its own or officially and unambiguously consent to

> Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear... courts, which include the Fifth Circuit Court of Appeals. *See, Getty Oil Corp. [Div of Texaco, Inc. V. Insurance Co. of North Am.]*, 841 F 2d [1254] at 1262, n. 11 [5th Cir. 1988]. In its timely Notice of Removal, Protective Life informs that court that "[a]ll named and served Defendant have consented to and join in the removal of this action..." Notice of Removal at ¶ 1. *This filing was inadequate as to Spectrum... A consent to removal must be filed within thirty days after the first defendant is served.* Protective Life was served on May 3, 2000, sixty-nine days before Spectrum's Consent to Removal was filed. Neither the later filed consent nor the later assertion by counsel that the statement included in the Notice of Removal was authorized can cure the defect. Consequently, the unanimity rule has been violated.

*Newman*, 109 F. Supp. 2d at 1346. (Emphasis added.)

28 U.S.C. § 1446(a) requires that each defendant file a notice of removal, either independently or by unambiguously joining in or consenting to another defendant's notice, within the thirty [30] day period following service of process. Neither the Notice of Removal nor the Petition of Removal filed by Fred's contain language that all named and served defendants have consented to and join in the removal or contain any "written indication" that Cintas has ever actually consented to the removal. Accordingly, based on the 28 U.S.C. § 1446(a), the *Miles* and *Newman* cases and the fact that Cintas has failed to file a consent to removal within thirty (30) days after Fred's was served, this case is due to be remanded to the Circuit Court of Tallapoosa County, Alabama.

In addition to an Order of Remand the Plaintiff seeks other relief to which she may be entitled.

Respectfully submitted on this the 27 day of December, 2005.

*[signature]*

TIMOTHY B. DAVIS (DAV071)
Attorney for Plaintiff

OF COUNSEL:

DAVIS & DAVIS, LLC
Post Office Box 1778
Alexander City, AL 35011-1778
Telephone: (256) 329-8100
Facsimile: (256) 329-8186

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on the Attorney of Record for each party to this cause by mailing a copy thereof, postage prepaid, to them at their respective addresses on this 27 day of December 2005.

Carroll H. Sullivan
George M. Zoughby
Scott Sullivan Streetman & Fox, PC
Post Office Box 1034
Mobile, AL 3663

Elizabeth Jackson
Carr Allison
100 Vestvia Parkway, Ste 200
Birmingham, AL 35216

OF COUNSEL

```
AVSO702                 ALABAMA JUDICIAL DATA CENTER
                            TALLAPOOSA      COUNTY
                              SERVICE NOTICE
                                                        CV 2005 000246.00
                                                        ASSIGNED JUDGE
------------------------------------------------------------------------
                IN THE CIRCUIT    COURT OF TALLAPOOSA    COUNTY

  MARGARET TURNER WHETSTONE VS FRED'S, INC., ETC., ET AL              D001


    DAVIS TIMOTHY BLEDSOE              CASE NUMBER: CV 2005 000246 00
    P.O. BOX 1778                      PARTY NUMBER: C001
    ALEXANDER CITY   AL   35011

    YOUR ATTORNEY CODE IS DAV071

 THE SUMMONS AND COMPLAINT              WAS SERVED ON FRED'S INC.
 ON 11/14/2005 BY: CERTIFIED MAIL.




                    DATE: 11/17/2005   CLERK: FRANK LUCAS
                                       P.O. BOX 189
                                       ALEXANDER CITY   AL   35010
                                       (256)234-4361
------------------------------------------------------------------------
OPERATOR: SAW
PREPARED: 11/17/2005
```

EXHIBIT "A"

```
AVSO702                    ALABAMA JUDICIAL DATA CENTER
                               TALLAPOOSA   COUNTY
                                  SERVICE NOTICE              CV 2005 000246.00
                                                              ASSIGNED JUDGE
------------------------------------------------------------------------------
              IN THE CIRCUIT  COURT OF TALLAPOOSA     COUNTY

  MARGARET TURNER WHETSTONE VS FRED'S, INC., ETC., ET AL              D002


     DAVIS TIMOTHY BLEDSOE              CASE NUMBER: CV 2005 000246 00
     P.O. BOX 1778                      PARTY NUMBER: C001
     ALEXANDER CITY   AL   35011

     YOUR ATTORNEY CODE IS DAV071

  THE SUMMONS AND COMPLAINT            WAS SERVED ON CINTAS CORPORATION
  ON 11/15/2005 BY: CERTIFIED MAIL.




                  DATE: 11/17/2005   CLERK: FRANK LUCAS
                                            P.O. BOX 189
                                            ALEXANDER CITY   AL   35010
                                            (256)234-4361
------------------------------------------------------------------------------
  OPERATOR: SAW
  PREPARED: 11/17/2005
```

EXHIBIT "B"

From: efile_notice@almd.uscourts.gov
Date: 12/13/05 16:31:22
To: almd_mailout@almd.uscourts.gov
Subject: Activity in Case 3:05-cv-01171-MEF-SRW Whetstone v. Fred's, Inc. et al "Notice (Other)"

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

## U.S. District Court

## Alabama Middle District

Notice of Electronic Filing

The following transaction was received from vma, entered on 12/13/2005 at 4:23 PM CST and filed on 12/9/2005
**Case Name:** Whetstone v. Fred's, Inc. et al
**Case Number:** 3:05-cv-1171
**Filer:** Fred's, Inc.
**Document Number:** 3

**Docket Text:**
NOTICE of Removal to CC Clerk by Fred's, Inc. (vma, )

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1053018227 [Date=12/13/2005] [FileNumber=459231-0
] [aaf869b80e59b609b34f827f7c5919ead8aef7972f513c24e296cee5001708e5266
37dcb8fdecb7c657380ca322b5fef27f1c37c4b5ae75fa011a5e2f7ac1595]]

**3:05-cv-1171 Notice will be electronically mailed to:**

Timothy Bledsoe Davis    1tdavis@bellsouth.net, jwelcher@bellsouth.net

Elizabeth Jackson    enj@carrallison.com

**3:05-cv-1171 Notice will be delivered by other means to:**

EXHIBIT "C"

12/14/2005