# EXHIBIT 2

IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY
AT ALEXANDER CITY, ALABAMA

| | |
|---|---|
| MARGARET TURNER WHETSTONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NUMBER: |
| v. ) | |
| ) | 2005-246 |
| FRED'S INC., et al. ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

TO: TALLAPOOSA COUNTY, ALEXANDER CITY, CIRCUIT COURT CLERK

PLEASE TAKE NOTICE that FRED'S STORES OF TENNESSEE, INC. and Cintas Corp., the defendants in the above-entitled action, has this day filed their Petition for Removal, a copy of which is attached hereto, in the office of the Clerk in the United States District Court for the Middle District of Alabama, Southern Division.

_____
Elizabeth Jackson (JAC084)
Attorney for the defendant, Fred's Stores of Tennessee, Inc.

OF COUNSEL:
CARR ALLISON
100 Vestavia Parkway, Suite 200
Birmingham, Alabama  35216
(205)822-2006

                                                    _____
                                                    CARROLL H. SULLIVAN (SULL8646)
                                                    GEORGE M. ZOGHBY (ZOGH4188)
                                                    Attorneys for Cintas Corp.

**OF COUNSEL:**
SCOTT, SULLIVAN, STREETMAN & FOX, P.C.
Post Office Box 1034
Mobile, Alabama 36633
(251) 433-1346

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing pleading upon all counsel of record in this cause by placing a copy of same in the United States mail, postage prepaid, addressed as follows on this the 29th day of December, 2005:

Timothy B. Davis, Esq.
DAVIS & DAVIS, L.L.C.
P. O. BOX 1778
5 Lee Street
Alexander City, AL 35011-1778

                                                    _____
                                                    OF COUNSEL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARGARET WHETSTONE, ) | |
| ) | |
| Plaintiff ) | |
| ) | Case No.: 3:05-cv-1171 |
| v. ) | |
| ) | |
| FRED'S STORES OF ) | |
| TENNESSEE, INC., CINTAS CORP., et al. ) | |
| ) | |
| Defendants ) | |

## JOINT PETITION OF REMOVAL

COME NOW the Defendants, Fred's Stores of Tennessee, Inc., and Cintas Corporation and file their Joint Petition of Removal and show unto the Court as follows:

1. Plaintiff filed this action in the Circuit Court of Tallapoosa County, Alabama, on or about November 9, 2005, as Civil Action 05-246. This petition is filed in the United States District Court for the Middle District of Alabama, Eastern Division, within the time allowed by law for the removal of actions to United States District Court. The documents attached hereto "Exhibit 1", to Defendants' knowledge, constitute all pleadings in the civil action in the Circuit Court of Tallapoosa County, Alabama.

2. Defendants file this petition of removal with the Court pursuant to 28 U.S.C. §§1441 and 1446 and assert federal diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. This action could have been brought originally in this Court pursuant to 28 U.S.C. § 1332. This notice of removal is timely filed because it is submitted within thirty (30) days after the day Defendants received a copy of, or otherwise received notice of, the summons and complaint in this action. Accordingly, the prerequisites for removal pursuant

to 28 U.S.C. § 1441 have been met.

3. Pursuant to 28 U.S.C. § 1446(d), Defendants show that a copy of this petition of removal is being filed with the Clerk of the Circuit Court of Tallapoosa County, Alabama. Further, Defendants represent to this Court that a copy of this petition of removal is also being served upon counsel for Plaintiff.

4. Complete diversity exists between the parties identified in this action. Upon information and belief, Defendants assert that Plaintiff, Margaret Whetstone, is a citizen and resident of Coosa County, Alabama. Defendant Fred's Stores of Tennessee, Inc., is a foreign corporation organized and existing under the laws of the State of Tennessee, and its principal place of business is in Memphis, Tennessee. Defendant Cintas Corporation is a foreign corporation incorporated in the State of Washington with its principal place of business in Cincinnati, Ohio. Thus, Fred's Stores of Tennessee, Inc., is not a citizen of the State of Alabama, but it is a citizen of the State of Tennessee for the purposes of diversity jurisdiction. Cintas Corporation is not a citizen of the State of Alabama, but is a citizen of Ohio for the purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1). Without waiver of any defenses or objections, including but not limited to, improper process, improper service of process, improper venue, and lack of personal jurisdiction, Defendants submit this petition of removal.

5. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1332(a)(1) as the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs, and this action is between citizens of different states. The longstanding federal rule for determining a case's amount in controversy is to examine the plaintiff's complaint. Lindsay v. American General Life &

2

Accident Ins. Co., 133 F. Supp. 2d 1271, 1275 (N.D. Ala. 2001). Here, Plaintiff's complaint does not specify a total amount of damage. According to the Eleventh Circuit case law, when the plaintiff does not specify a monetary amount of damages in the complaint, the defendant "bears a lighter burden to prove merely by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional amount." Lindsay, 133 F. Supp. 2d at 1266. Defendants aver that based upon the damages alleged in Plaintiff's complaint, the preponderance of the evidence indicates that the amount in controversy in this cause exceeds the sum or value of Seventy-Five Thousand dollars ($75,000.00), exclusive of interest and costs. Plaintiff's complaint alleges that Plaintiff Margaret Whetstone was caused to suffer the following:

> She fell upon her right knee; she was bruised, shocked and knocked; she was made sore about her entire body; she injured her right knee; she went to the emergency room for emergency medical treatment; she has sought treatment from medical physicians and will do so in the future; she underwent a surgical procedure to repair the damage to her knee; she has incurred medical bills and will do so in the future; she was temporarily disabled; she was permanently partially impaired; she has suffered physical pain and mental anguish and will do so in the future; her ability to enjoy life free of pain and without limitations has been forever diminished; and she was otherwise damaged and injured.

Exhibit 1.

      6.    When ascertaining a case's amount in controversy, "state law is relevant to this determination insofar as it defines the nature and extent of the right the plaintiff seeks to enforce. This includes applying state law rules regarding the applicable measure of damages and the availability of special and punitive damages." Lindsay, 133 F. Supp. 2d at 1277.

3

7.      Under Alabama law, "there is no fixed standard for the ascertainment of compensatory damages for mental anguish. A determination of how much to award is left up to the sound discretion of the jury, subject to only the correction of the court for clear abuse or passionate exercise." Duck Head Apparel Co., Inc. v. Hoots, 659 So. 2d 897 (Ala. 1995); see also Alabama Power Co. V. Harmon, 483 So. 2d 386 (Ala. 1986).

8.      Additionally, in Merrit v. Roberts, 481 So. 2d 909 (Ala. Civ. App. 1985), the Court held:

> We are aware that the law in Alabama states that the amount of damages for physical injury and pain and suffering must be left largely to the sound discretion of the jury, . . . Furthermore, we recognize the rule that in cases in which pain and suffering are at issue no absolute standard exists by which adequacy of damages can be measured.

see also Pierce v. Strickland Paper Co., 653 So. 2d 306 (Ala. Civ. App. 1994) (stating that "[t]rial court erred when it increased the damages for pain and suffering, because it has not fixed an exact standard by which to measure those damages"); Jones v. Butts, 646 So. 2d 104 (Ala. Civ. App. 1994).

9.      Although Plaintiff's complaint does not set forth a specific monetary value of damages claimed, Plaintiff has clearly asserted that the value of this case exceeds $150,000.00. The document attached hereto as "Exhibit 2" is a letter from Plaintiff's counsel stating "Ms. Whetstone has authorized me to make a settlement offer of one hundred fifty thousand dollars and no/100 ($150,000.00)." Plaintiff's counsel goes on to say that they will "institute legal proceedings in the Circuit Court of Tallapoosa County at Alexander City, Alabama claiming damages in excess of one hundred fifty thousand dollars ($150,000.00)." As evidenced by Exhibit 2, Plaintiff has claimed that the value of this case

4

is well in excess of $75,000.00.

10.     In addition to compensatory damages, Plaintiff could also recover punitive damages under the wantonness theory asserted in Plaintiff's complaint. According to Alabama Statutory law, a plaintiff can recover punitive damages by presenting clear and convincing evidence of wantonness. See Ala. Code § 6-11-20 (1975). The Federal District Court for the Middle District of Alabama has stated that "[e]xemplary damages are included in the amount in controversy as a general rule if they are legally recoverable." Steele v. Underwriters Adjusting Co., Inc., 649 F. Supp. 1414, 1417 n.5 (M.D. Ala. 1986). Because Plaintiff has alleged a wantonness theory that could give rise to a punitive damage award, this Court should consider the potential award of such damages when deciding whether Defendants have satisfied the amount in controversy requirement. Furthermore, the Fifth Circuit Court of Appeals has stated that "allegations as to punitive damages have as much bearing on the questions of federal jurisdiction as allegations as to compensatory damages." Paxton v. Weaver, 553 F. 2d 936, 940 (5th Cir. 1977) (quoting Bell v. Preferred Life Assurance Society, 320 U.S. 238, 340 64 S. CT. 5,6,88 L. Ed. 15, 18 (1943)).

11.     In the instant case, if liability, injuries and damages are proven according to the law that controls the theories set forth in Plaintiff's complaint and according to Plaintiff's own assertion that the case is worth over $150,000.00, the jury in this cause could reasonably return a verdict in excess of Seventy-Five Thousand Dollars ($75,000.00). Defendants do not admit or contend that they are liable to Plaintiff and do not admit or contend that Plaintiff's damages necessarily exceed Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. Instead, Defendants reasonably believe that based upon the legal theories asserted in Plaintiff's complaint, and the applicable Alabama

5

law governing damages under those theories, Plaintiff will seek and ask a jury to return a verdict in an amount, sum, or value in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs in this cause.

12. Defendants cannot be deprived of their right to remove this cause to the United States District Court by Plaintiff's failure to set out a specific monetary figure in her complaint. See Steel v. Underwriter's Adjusting Co., Inc., 649 F. Supp. 1414 (M.D. Ala. 1986).

13. The United States Supreme Court in St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S. Ct. 586, 8 L. Ed. 845 (1938), issued the seminal opinion regarding removal from a state court to a federal court. In that case, the Court held that a case may be removed unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount."

14. Based upon the damages claimed by Plaintiff in the complaint and correspondence as set forth above, and the applicable Alabama law governing damages for mental anguish and physical pain and suffering, Defendants aver that the amount in controversy in this matter exceeds the Seventy-Five Thousand Dollar ($75,000.00) amount required for the jurisdiction of this Court.

15. In the event Plaintiff disputes that the amount in controversy exceeds the jurisdictional requisite, Defendants request leave to conduct discovery to determine the extent of Plaintiff's claim to injuries, medical expenses incurred to date, future medical expenses, and other damages.

16. The events complained of in this complaint occurred in the State of Alabama, and said action is one over which the District Courts of the United States are given original

jurisdiction and there is complete diversity of citizenship between the parties, Plaintiff and Defendant, and the jurisdictional sum or value exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

WHEREFORE, Defendants give notice that the above-action now pending against them in the Circuit Court of Tallapossa County, Alabama is removed therefrom to this Court.

                                        Elizabeth Jackson (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)
                                        Attorney for Defendant Fred's Stores of Tennessee, Inc.

**OF COUNSEL:**
CARR ALLISON
100 Vestavia Parkway, Suite 200
Birmingham, Alabama 35216
(205)822-2006

                                        CARROLL H. SULLIVAN (SULL8646)
                                        GEORGE M. ZOGHBY (ZOGH4188)
                                        Attorneys for Cintas Corp.

**OF COUNSEL:**
SCOTT, SULLIVAN, STREETMAN & FOX, P.C.
Post Office Box 1034
Mobile, Alabama 36633
(251) 433-1346

7

## CERTIFICATE OF SERVICE

     I hereby certify that I have this date served a copy of the foregoing pleading upon all counsel of record in this cause by placing a copy of same in the United States mail, postage prepaid, addressed as follows on this the 20th day of December, 2005:

Timothy B. Davis, Esq.
DAVIS & DAVIS, L.L.C.
P. O. BOX 1778
5 Lee Street
Alexander City, AL 35011-1778

_Elizabeth Jackson_
OF COUNSEL