UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARGARET WHETSTONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 3:05cv1171-F |
| v. | ) | |
| | ) | |
| FRED'S STORES OF | ) | |
| TENNESSEE, INC., CINTAS CORP., et al. | ) | |
| | ) | |
| Defendants. | ) | |

DEFENDANT CINTAS CORP.'S RESPONSE TO
PLAINTIFF'S MOTION TO REMAND

COMES NOW Cintas Corp. (hereinafter "Cintas"), one of the defendants in the above-styled

cause, and responds to Plaintiff's motion to remand as follows:

1.      Plaintiff filed this action in the Circuit Court of Tallapoosa County on or about

November 9, 2005. (See Complaint attached hereto as Exhibit A). Defendant Fred's Stores of

Tennessee, Inc.(hereinafter "Fred's Stores") was served on November 14, 2005 and Cintas was

served on November 15, 2005.

2.      Following the filing of Plaintiff's Complaint and service on Fred's Stores and Cintas,

counsel for both defendants agreed to file a joint petition of removal to have this action removed to

the United States District Court for the Middle District of Alabama, Southern Division, pursuant to

28 U.S.C. §§ 1441 and 1446. (See affidavit of George M. Zoghby, counsel for Cintas, attached

hereto as Exhibit B).

3.      In that regard, counsel for Fred's Stores and counsel for Cintas communicated both

verbally and via electronic mail regarding their intent and agreement to file a joint petition of

removal on behalf of both defendants. (See Exhibit B. See also copies of e-mail communications,

attached hereto as Exhibits C through L). Specifically, counsel for both defendants agreed that a joint petition of removal and a notice of removal would be prepared by counsel for Fred's Stores and forwarded to counsel for Cintas for review and signature. Counsel for Fred's Stores did indeed prepare a petition of removal and notice of removal and forward same to counsel for Cintas on December 1, 2006. (Exhibit G). Upon review of the petition of removal and notice of removal prepared by counsel for Fred's Stores, counsel for Cintas made revisions to said documents, added a signature line and signed the revised documents, and forwarded same to counsel for Fred's Stores. (Exhibit L). The removal pleadings as revised by counsel for Cintas, which included the signature of said counsel and was titled "Joint Petition of Removal," were intended to be filed with this Honorable Court.

4.    Counsel for Fred's Stores inadvertently filed the draft petition of removal and notice of removal on or about December 9, 2005, on behalf of both defendants. (See petition of removal, attached hereto as Exhibit M). Therefore, the signature by counsel for Cintas was inadvertently left off despite being on the final documents.

5.    Cintas filed its answer to Plaintiff's Complaint with this Honorable Court on or about December 13, 2005 (See Cintas' answer, attached hereto as Exhibit N), within thirty days of service of the Plaintiff's Complaint.

6.    Plaintiff incorrectly asserts that Cintas did not consent to the jurisdiction of this Honorable Court and, subsequently, that there is no federal jurisdiction in this matter. As described in detail above and as reflected in Exhibits C through L, counsel for both defendants intended and agreed to file a joint petition of removal on behalf of both defendants. In fact, counsel for Cintas specifically revised a draft of the petition of removal to title the pleading a "joint petition of

2

removal" and to include a signature page for said counsel. (Exhibit L). Although the petition of

removal that was filed with this Honorable Court did not include the signature page of counsel for

Cintas, due to Co-Defendant's inadvertence to include it, a cursory glance of the pleading reveals

that the defendants intended to jointly petition the Court for removal. Specifically, the introductory

paragraph of the petition of removal reads "**COME NOW the Defendants, Fred's Stores of**

**Tennessee, Inc. and Cintas Corporation and file their Petition of Removal . . .**" (Emphasis

added). (Exhibit M). Furthermore, the petition of removal includes references throughout the body

of the pleading such as "**Defendants** file," "**Defendants** show," "**Defendants** represent,"

"**Defendants** assert," "**Defendants** submit," "**Defendants** aver" and "**Defendants** request."

(Emphasis added). (Exhibit M) Additionally, the conclusory paragraph of said pleading states that

"**Defendants** give notice that the above-action now pending against **them** in the Circuit Court of

Tallapossa [sic] County, Alabama, is removed therefrom to this Court." (Emphasis added). (Exhibit

M). As such, the petition of removal on its face indicates that the pleading was intended to be filed

on behalf of both Fred's Stores and Cintas.

      7.     Importantly, Cintas unambiguously consented to the jurisdiction of this Honorable

Court when it filed its answer to Plaintiff's Complaint in this Honorable Court on December 13,

2005. (Exhibit N). Cintas' filing an answer just two business days after the filing of the petition of

removal and clearly within the 30-day period allowed to remove or consent to removal is clearly

indicative of its consent to the jurisdiction of this Court. Cintas had the option of filing a motion to

remand if it did not consent to the jurisdiction of this Court. Instead, Cintas filed its answer to

Plaintiff's Complaint, which clearly demonstrates its consent to the jurisdiction of this Honorable

Court. See Smith v. Health Center of Lake City, Inc., 252 F.Supp.2d 1336, 1340-41 (stating in dicta

that it can be argued that a defendant who does not sign a petition of removal but does file an answer in the district court within the thirty day period indicated its consent to removal via its answer).

       8.     In support of her motion to remand, Plaintiff relies on <u>Newman v. Spectrum Stores, Inc.</u>, 109 F.Supp.2d 1342 (M.D. Ala. 2000). Specifically, Plaintiff relies on a portion of the Court's opinion where it states that the unanimity rule was violated because of one defendant's failure to file its consent to removal within the thirty days after the first defendant was served. <u>Newman</u> is factually distinguishable from the present case in one very important aspect. In <u>Newman</u>, one defendant filed a petition of removal within the thirty day period. However, the second defendant did not file its consent to removal until **sixty-nine** days after service was perfected on the first defendant. The time period in which a defendant could remove or consent to removal had clearly passed by the time the second defendant filed its consent. In the case *sub judice*, Cintas filed its answer – which clearly indicates its consent to the jurisdiction of this Honorable Court – **within the thirty day period** in which removal is allowed.

       9.     It is also important to point out the purpose of the unanimity rule, as stated by the <u>Newman</u> Court:

> By requiring each defendant to formally and explicitly consent to removal, one defendant is prevented from choosing a forum for all. . . . 'To allow one party, through counsel, to bind or represent the position of other parties without their express consent to be so bound would have serious adverse repercussions, not only in removal situations but in any incident of litigation.' . . . One of the primary reasons that separate parties have separate counsel is so that each can independently present their position to the court .. . Requiring an independent statement of consent from each defendant ensures that the Court has a clear and unequivocal basis for subject matter jurisdiction before taking the serious step of wrestling jurisdiction from another sovereign.

Newman, 109 F.Supp.2d at 1346, citing Production Stamping Corp., 829 F.Supp. at 1076-77 (citations omitted).

The goal in requiring the unanimous consent of all defendants is clearly not obtained by remanding this matter to the Circuit Court of Tallapoosa County. In the present situation, both defendants agreed and consented to petition this Honorable Court for removal. (Exhibits C through L). This is not an instance where one defendant attempted to choose the forum for all defendants. Nor is this a situation where the Court lacks a clear and unequivocal basis for subject matter jurisdiction. Instead, this is a situation where two defendants agreed to jointly petition the Court for removal but, due to the inadvertence of co-defendant leaving off this defendant's signature, the parties' agreement was not clearly indicated to the Court at the time of the original filing of the petition of removal. However, Cintas clearly, unequivocally, and unambiguously indicated its consent to the jurisdiction of this Court when it's counsel agreed with counsel for Fred's Stores to file a joint petition of removal and extensively corresponded with counsel regarding same. Moreover, counsel for Cintas signed the final document which was to be filed with the Court and forwarded same to counsel for co-defendant for a joint filing. Additionally, Cintas clearly, unequivocally, and unambiguously indicated its consent to the jurisdiction of this Court when it filed its answer rather than pursuing its other option of filing a motion to remand. Furthermore, Cintas again clearly, unequivocally, and unambiguously indicates its consent to the jurisdiction of this Court by filing this response to Plaintiff's motion to remand and explicitly proclaiming its consent to jurisdiction.

10.     Plaintiff also relies on Miles v. Kilgore, 928 F.Supp.1071 (N.D. Ala. 1996) in support of her motion to remand. Like Newman, Miles is distinguishable from the present situation in one

very important aspect. In <u>Miles</u>, one defendant filed a petition of removal on behalf of several defendants and included a footnote to the effect that the other defendants consented to removal. The <u>Miles</u> Court concluded that removal was not properly effected through the defendant's petition of removal because "the mere, bald unsupported assertion in a notice of removal by one removing defendant that all the other defendants consent to the removal" failed to constitute a sufficient consent to removal. In the present case, the defendants did not intend to have one defendant sign on behalf of both defendants but instead intended to file a joint petition of removal to be signed by counsel for both defendants. (Exhibits C though L). In fact, as discussed above, counsel for Cintas explicitly added a page for his signature, signed the pleading, and forwarded the signed pleading to counsel for Fred's Stores. As such, there is no bald assertion that only one defendant consented to removal but there is instead a plethora of evidence that Cintas did and does indeed consent to the jurisdiction of this Honorable Court.

11.    Moreover, 28 U.S.C. § 1653 states "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." In <u>Belasco v. W.K.P. Wilson & Sons, Inc</u>. 833 F.2d 277 (11th Cir. 1987), the broker, Wilson, did not join in the removal petition with Connecticut General Life Insurance Company, a co-defendant. The court held that "the ends of justice and judicial efficiency are best served by treating the removal petition as if it had been amended to include Wilson." See 28 U.S.C. 1653. ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); Fed. R.Civ.P. 15(a) ("Leave to amend shall be freely given when justice so requires."). District courts may allow defendants to cure defects by amending their original petition pursuant to 28 U.S.C. § 1653. <u>Getty Oil v. Ins. Co. of North Am.</u>, 841 F.2d 1254, 1262 (5th Cir. 1988). Due to the inadvertent nature of the present situation, allowing

6

an amendment of the petition of removal would be in the spirit of 28 U.S.C. § 1653 and in the interest of justice.

12.    Because Cintas clearly and unambiguously consented to the jurisdiction of this Court, as evidenced by the language used throughout the petition of removal filed in this Honorable Court on December 9, 2005, by Cintas signing the document that was to be filed and by Cintas filing its answer to Plaintiff's Complaint on December 13, 2005, removal of this action is not procedurally defective.    As such, Defendant Cintas Corp. respectfully requests this Honorable Court deny Plaintiff's motion to remand as jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332.

Respectfully submitted,

_____

CARROLL H. SULLIVAN (SULL8646)
GEORGE M. ZOGHBY (ZOGH4188)
Attorneys for Cintas Corp.

**OF COUNSEL:**
SCOTT, SULLIVAN, STREETMAN & FOX, P.C.
Post Office Box 1034
Mobile, Alabama  36633
(251) 433-1346

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on the ___ day of December, 2005, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel:

Timothy B. Davis, Esquire
DAVIS & DAVIS, L.L.C.
P. O. BOX 1778
5 Lee Street
Alexander City, AL 35011-1778

Elizabeth Jackson, Attorney at Law
CARR ALLISON
100 Vestavia Parkway, Suite 200
Birmingham, Alabama   35216

OF COUNSEL

8



IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY
AT ALEXANDER CITY, ALABAMA

| | |
|---|---|
| MARGARET TURNER WHETSTONE,<br>    Plaintiff, | )<br>) |
| v. | ) |
| FRED'S, INC. | ) |
| and Fictitious parties | ) |
| "A" and "B" intended to designate | ) |
| those person(s), individual(s), | ) |
| corporation(s) or entity(ies) who | ) |
| caused or allowed the dangerous condition | ) |
| to exist on the Fred's premises and/or | ) |
| who caused or contributed to the injuries | ) |
| sustained by the Plaintiff made | ) |
| the basis of this lawsuit. | ) |
| CINTAS CORPORATION, | ) |
| and Fictitious parties | ) |
| "C" and "D" intending to designate | ) |
| those person(s), individual(s), | ) |
| corporation(s) or entity(ies) who | ) |
| are responsible for maintaining the entrance | ) |
| mats and rugs in a clean, save and hazard | ) |
| free condition and who acts or omissions | ) |
| individually and/or jointly with other | ) |
| defendants combined to proximately | ) |
| cause the Plaintiff's injuries whose | ) |
| true names are unknown at this time, | ) |
| but will be amended once ascertained. | ) |
|     Defendants. | )<br>) |

CASE NO.: CV-05- 246

## SUMMONS

**TO ANY SHERIFF, VIA CERTIFIED MAIL OR ANY PERSON AUTHORIZED BY RULE 4(a) (3) OF THE ALABAMA RULES OF CIVIL PROCEDURE TO EFFECT SERVICE IN THE STATE OF ALABAMA.**

    You are hereby commanded to serve this summons and a copy of the complaint in this action upon the Defendant(s). Fred's Inc., 4300 New Getwell Road, Memphis, Tennessee, 38118

    Said Defendant(s) is (are) required to serve a copy of a written answer to the complaint upon **Hon. Timothy B. Davis** of the firm of DAVIS & DAVIS, L.L.C., Post Office Box 1778, Alexander City, Alabama, 35011, Attorney for the Plaintiff(s), within **30** days from the date of service of this summons, excluding the day of service of the summons, and to file the original of said written answer with the Clerk of this Court at the time of service of the answer upon the Attorney of Record for the Plaintiff(s), or within a reasonable time thereafter. If any defendant fails to do so, a judgment by default may be entered against him for the relief complained of in the complaint.

                                                    _____

                     CLERK OF THE COURT

IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY
AT ALEXANDER CITY, ALABAMA

MARGARET TURNER WHETSTONE,    )
                              )
        Plaintiff,            )
                              )        CASE NO.: CV-05-246
v.                            )
                              )
FRED'S, INC.                  )
and Fictitious parties        )
"A" and "B" intended to designate    )
those person(s), individual(s),    )
corporation(s) or entity(ies) who    )
caused or allowed the dangerous condition    )
to exist on the Fred's premises and/or    )
who caused or contributed to the injuries    )
sustained by the Plaintiff made    )
the basis of this lawsuit.    )
CINTAS CORPORATION,           )
and Fictitious parties        )
"C" and "D" intending to designate    )
those person(s), individual(s),    )
corporation(s) or entity(ies) who    )
are responsible for maintaining the entrance    )
mats and rugs in a clean, save and hazard    )
free condition and who acts or omissions    )
individually and/or jointly with other    )
defendants combined to proximately    )
cause the Plaintiff's injuries whose    )
true names are unknown at this time,    )
but will be amended once ascertained.    )
                              )
        Defendants.           )



## COMPLAINT

### COUNT ONE

1.    On or about the 9th day of June, 2002, the defendants, Fred's Inc and/or

Fictitious Parties "A" and "B" owned and operated retail stores in the State of Alabama which

included a store located in Alexander City, Tallapoosa County, Alabama.

2.    On or about the 4th day of December 2003 Cintas Corporation and/or

Fictitious Parties "C" and "D" that supplied installed and maintained entrance and exit mats in the Fred's Inc. stores in the State of Alabama.

    3.    On or about the 4th day of December 2003, while Margaret Turner Whetstone (hereinafter "Plaintiff") was an invitee upon the premises of the Defendants' store in Talladega County, Alabama, the Defendants Fred's Inc., Cintas Corporation and/or Fictitious Parties "A", "B", "C" or "D" (hereinafter "Defendants") breached the duty owed to the Plaintiff by: 1) Allowing or causing there to exist a dangerous condition upon the premises which was not open or obvious to the Plaintiff and which caused the premises not to be in a reasonably safe condition; 2) failed to routinely inspect and/or routinely perform maintenance on the fixtures and equipment on the premises to ensure that the fixtures and equipment on the premises did not present a dangerous or unsafe condition which could injury the plaintiff; 3) by providing defective fixtures and/or equipment which when installed upon the premises created a dangerous and unsafe condition, and/or, negligently installing in a defective manner fixtures and/or equipment upon the premises thereby creating a dangerous or unsafe condition; 4) while the premises was unsafe, the Defendants failed to warn of the hidden defects and dangers that were known to it or in the exercise of ordinary care, should have been known to it, but that were unknown or hidden to the Plaintiff; and 5) failing to exercise ordinary and reasonable care to remove the unsafe condition.

    4.    Even though the Plaintiff exercised reasonable care in leaving the premises the Plaintiff was caused to trip and fall on the unsafe condition that existed on the premises.

    5.    As a proximate cause and result of the negligent and/or wanton conduct of the Defendants, the Plaintiff, though exercising reasonable care, tripped on the dangerous condition, falling and causing bodily injury to herself, to-wit:

She fell upon her right knee; she was bruised, shocked and knocked; she was made sore about her entire body; she injured her right knee; she went to the emergency room for emergency medical treatment; she has sought treatment from medical physicians and will do so in the future; she underwent a surgical procedure to repair the damage to her knee; she has incurred medical bills and will do so in the future; she was temporarily disabled; she was permanently partially impaired; she has suffered physical pain and mental anguish and will do so in the future; her ability to enjoy life free of pain and without limitations has been forever diminished; and she was otherwise damaged and injured.

WHEREFORE, the premises considered, the Plaintiff demands judgment against the

Defendants, jointly and severally, both for compensatory and punitive damages in an amount that

exceeds $10,000.00 and the cost of action.

Done this the ___9th___ day of November 2005.

_____
TIMOTHY B. DAVIS (DAV071)
Attorney for Plaintiff

OF COUNSEL:
DAVIS & DAVIS, L.L.C.
P.O. Box 1778
5 Lee Street
Alexander City, AL  35011-1778
Telephone:  (256) 329-8100
Facsimile:  (256) 329-8186

## JURY DEMAND

**COMES NOW THE PLAINTIFF NOT TO DEMAND TRIAL BY A STRUCK JURY.**

_____
TIMOTHY B. DAVIS (DAV071)

SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:

Fred's Inc.
4300 New Getwell Road
Memphis, Tennessee 38118

Cintas
6800 Cintas Blvd.
PO Box 625737
Cincinnati, OH 45262-5737

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

```
DEFENDANT'S
EXHIBIT
   B
```

MARGARET WHETSTONE,          )
                             )
        Plaintiff,           )
                             )    Case No.: 3:05cv1171-F
v.                           )
                             )
FRED'S STORES OF             )
TENNESSEE, INC., CINTAS CORP., et al.  )
                             )
        Defendants.          )

## AFFIDAVIT

STATE OF ALABAMA )

COUNTY OF MOBILE )

Personally appeared before me, the undersigned authority in and for said County and State, George M. Zoghby, who is known to me, and who after being duly sworn, did depose and say as follows:

1.    My name is George M. Zoghby. I am over the age of 19 years and have personal knowledge of the facts stated herein.

2.    I am an attorney representing Defendant Cintas Corporation (hereinafter "Cintas") in the above-styled cause.

3.    During the end of November and beginning of December 2005, I worked with counsel for Co-Defendant Fred's Stores of Tennessee, Inc. (hereinafter "Fred's") in discussing, preparing and revising a Joint Petition for Removal to the United States District Court for the Middle District of Alabama and Notice of Removal. (See Exhibits C through L of Defendant Cintas Corp.'s Response to Plaintiff's Motion to Remand).

4.      It was the purpose, consent and unambiguous intent of the Defendants to jointly remove this case to federal court.  (Exhibits C - L).

5.      Co-Defendant Fred's was served with the Plaintiff's Complaint on November 14, 2005.  Defendant Cintas was served with the Plaintiff's Complaint on November 15, 2005.  Shortly thereafter, I had a number of telephone conversations with Co-Defendant's counsel in order to file a Joint Petition for Removal and Notice of Removal.

6.      Attached to Cintas' Response to Plaintiff's Motion to Remand are exhibits evidencing written communication between Co-Defendant's counsel and myself.  These communications began on Wednesday, November 23, 2005, and continued through December 6, 2005.  These exhibits evidence the consent of both parties to file jointly the removal from state court to federal court. (Exhibits C - L).

7.      On December 1, 2005, Co-Defendant's counsel forwarded a draft of the Joint Petition for Removal and Notice of Removal.  (Exhibit G)

8.      After receiving the drafts, I made revisions which included signature lines as counsel for Cintas in the Joint Petition for Removal and the Notice for Removal.  Upon signing the Joint Petition for Removal and Notice for Removal, the final documents were forwarded to Co-Defendant's counsel on December 6, 2005, for filing.  (Exhibit L).

9.      Due to Co-Defendant's inadvertence when filing the removal documents, the documents actually filed were the drafts and not the final copies which included my signature on behalf of Cintas which were forwarded to Co-Defendant's counsel for filing on December 6, 2005. (Exhibit M).

10.      The Petition for Removal actually filed does include Defendant Cintas in the

2

preamble of the Petition and throughout the documents, evidencing concurrence in removal.

11.    As further evidence of Cintas' unambiguous consent to removal and submission to the jurisdiction of the Court, an Answer to the Plaintiff's Complaint was filed on behalf of Cintas in the District Court, Middle District. This Answer was filed prior to the expiration of 30 days from date of service of the state-filed Complaint on both Defendants and two business days after the removal documents were filed. (Exhibit N).

12.    Further Affiant sayeth naught.

_____
GEORGE M. ZOGHBY

STATE OF ALABAMA)

COUNTY OF MOBILE)

I, the undersigned authority, a Notary Public in and for said State and County, hereby certify that GEORGE M. ZOGHBY, whose name is signed to the foregoing Affidavit, and who is known to me, acknowledged before me on this day that having read  the contents of said Affidavit, he executed the same voluntarily on the day the same bears date.

Subscribed and sworn to before me on this 30th day of December, 2005.

_____
NOTARY PUBLIC

My commission expires:  2/17/08

3

---

Web Hosting Web Mail

**From:** Elizabeth Jackson <ENJ@carrallison.com>
**To:** <gzoghby@scottsullivanlaw.com>
**Subject:** Whetstone v. Fred's, Cintas
**Date:** Wed, 23 Nov 2005 13:06:47 -0600

What is the full legal name of Cintas?



Elizabeth Jackson
Carr Allison
100 Vestavia Parkway
Birmingham, AL  35216
205-949-2908 Direct Dial
205-822-2057 Facsimile
Alabama-Birmingham, Dothan
Florence, & Mobile
Mississippi - Gulfport
www.carrallison.com

CONFIDENTIALITY NOTICE:  This message is for the designated recipient(s)
only and may contain privileged or confidential information.  If you have
received it in error, please notify the sender immediately and delete the
original.
Any other use of the email by you is prohibited.

Web Hosting Web Mail

**From:** Elizabeth Jackson <ENJ@carrallison.com>
**To:** <gzoghby@scottsullivanlaw.com>
**Subject:** Re: Whetstone v. Fred's, Cintas
**Date:** Wed, 23 Nov 2005 13:48:42 -0600

Got it.  Thanks.

Elizabeth Jackson
Carr Allison
100 Vestavia Parkway
Birmingham, AL  35216
205-949-2908 Direct Dial
205-822-2057 Facsimile
Alabama-Birmingham, Dothan
Florence, & Mobile
Mississippi - Gulfport
www.carrallison.com



**DEFENDANT'S EXHIBIT**
D

CONFIDENTIALITY NOTICE:  This message is for the designated recipient(s)
only and may contain privileged or confidential information.  If you have
received it in error, please notify the sender immediately and delete the
original.
Any other use of the email by you is prohibited.

>>> George Zoghby <gzoghby@scottsullivanlaw.com> 11/23/05
01:42PM >>>
Cintas Corporation
---- Elizabeth Jackson <ENJ@carrallison.com> wrote:
>
> What is the full legal name of Cintas?
>
> Elizabeth Jackson
> Carr Allison
> 100 Vestavia Parkway
> Birmingham, AL  35216
> 205-949-2908 Direct Dial
> 205-822-2057 Facsimile
> Alabama-Birmingham, Dothan
> Florence, & Mobile
> Mississippi - Gulfport
> www.carrallison.com
>
>
>
>
> CONFIDENTIALITY NOTICE:  This message is for the designated
recipient(s)
> only and may contain privileged or confidential information.  If you
have
> received it in error, please notify the sender immediately and delete

```
the original.
> Any other use of the email by you is prohibited.
>
>
>
```

George M. Zoghby, Esquire
SCOTT, SULLIVAN, STREETMAN & FOX, P.C.
Regions Bank Building, 10th Floor
56 Saint Joseph Street
Mobile, Alabama 36602
Telephone: 251-433-1346
Facsimile: 251-433-1086
Email: gzoghby@scottsullivanlaw.com

CONFIDENTIALITY NOTICE--This message, and any
attachment to it, is confidential, intended
only for the recipient(s) named above, and may
contain information that is privileged,
proprietary, attorney work-product, or
otherwise exempt from disclosure under
applicable law. There is no intent on the part
of the sender to waive any privilege that may
attach to this communication. If you have
received this message by error, or are not the
intended recipient, you are hereby notified
that you should not read, save, disseminate or
forward this message, or the information
contained in or attached to it, in any form or
manner. Instead, please notify the sender
immediately by reply or by telephone at (251)
433-1346 and delete this message from any
device and/or media in which it may be stored.
Thank you for your cooperation.

Sent: Re: Whetstone v. Fred's, Cintas
Case 3:05-cv-01171-MEF-SRW    Document 11    Filed 12/30/2005    Page 20 of 91
Page 1 of 3

Web Hosting Web Mail

From: George Zoghby <gzoghby@scottsullivanlaw.com>
To: Elizabeth Jackson <ENJ@carrallison.com>
Subject: Re: Whetstone v. Fred's, Cintas
Date: Mon, 28 Nov 2005 18:28:11 -0500 (EST)

DEFENDANT'S
EXHIBIT
tabbies
E

Elizabeth, sounds good.  Did you get a copy of the circuit court file to
attach?  Look forward to reviewing.
Thanks,
George
---- Elizabeth Jackson <ENJ@carrallison.com> wrote:
>
> George:
>
> I prepared the Petition for Removal.  I am attaching an affidavit from
Fred's general counsel to the Petition testifying that the general counsel
received the letter demanding $150,000.  I am attaching the letter to the
Petition as well.  As soon as I hear back from Fred's with their approval of
the Petition and Affidavit, I will send the documents to you to be signed
and filed.  Please let me know if you have any thoughts or questions.
>
> Elizabeth
>
> Elizabeth Jackson
> Carr Allison
> 100 Vestavia Parkway
> Birmingham, AL  35216
> 205-949-2908 Direct Dial
> 205-822-2057 Facsimile
> Alabama-Birmingham, Dothan
> Florence, & Mobile
> Mississippi - Gulfport
> www.carrallison.com
>
>
>
>
> CONFIDENTIALITY NOTICE:  This message is for the designated
recipient(s)
> only and may contain privileged or confidential information.  If you
have
> received it in error, please notify the sender immediately and delete
the original.
> Any other use of the email by you is prohibited.
>
> >>> George Zoghby <gzoghby@scottsullivanlaw.com>
11/23/05 01:42PM >>>
> Cintas Corporation
> ---- Elizabeth Jackson <ENJ@carrallison.com> wrote:
> >
> > What is the full legal name of Cintas?
> >
> > Elizabeth Jackson
> > Carr Allison

> > 100 Vestavia Parkway
> > Birmingham, AL  35216
> > 205-949-2908 Direct Dial
> > 205-822-2057 Facsimile
> > Alabama-Birmingham, Dothan
> > Florence, & Mobile
> > Mississippi - Gulfport
> > www.carrallison.com
> >
> >
> >
> >
> > CONFIDENTIALITY NOTICE:  This message is for the designated
recipient(s)
> > only and may contain privileged or confidential information.  If
you have
> > received it in error, please notify the sender immediately and
delete the original.
> > Any other use of the email by you is prohibited.
> >
> >
> >
>
>
>
>
> George M. Zoghby, Esquire
> SCOTT, SULLIVAN, STREETMAN & FOX, P.C.
> Regions Bank Building, 10th Floor
> 56 Saint Joseph Street
> Mobile, Alabama 36602
> Telephone: 251-433-1346
> Facsimile: 251-433-1086
> Email: gzoghby@scottsullivanlaw.com
>
> CONFIDENTIALITY NOTICE--This message, and any
> attachment to it, is confidential, intended
> only for the recipient(s) named above, and may
> contain information that is privileged,
> proprietary, attorney work-product, or
> otherwise exempt from disclosure under
> applicable law. There is no intent on the part
> of the sender to waive any privilege that may
> attach to this communication. If you have
> received this message by error, or are not the
> intended recipient, you are hereby notified
> that you should not read, save, disseminate or
> forward this message, or the information
> contained in or attached to it, in any form or
> manner. Instead, please notify the sender
> immediately by reply or by telephone at (251)
> 433-1346 and delete this message from any
> device and/or media in which it may be stored.
> Thank you for your cooperation.
>

&gt;
&gt;
&gt;
&gt;


George M. Zoghby, Esquire
SCOTT, SULLIVAN, STREETMAN & FOX, P.C.
Regions Bank Building, 10th Floor
56 Saint Joseph Street
Mobile, Alabama 36602
Telephone: 251-433-1346
Facsimile: 251-433-1086
Email: gzoghby@scottsullivanlaw.com

CONFIDENTIALITY NOTICE--This message, and any
attachment to it, is confidential, intended
only for the recipient(s) named above, and may
contain information that is privileged,
proprietary, attorney work-product, or
otherwise exempt from disclosure under
applicable law. There is no intent on the part
of the sender to waive any privilege that may
attach to this communication. If you have
received this message by error, or are not the
intended recipient, you are hereby notified
that you should not read, save, disseminate or
forward this message, or the information
contained in or attached to it, in any form or
manner. Instead, please notify the sender
immediately by reply or by telephone at (251)
433-1346 and delete this message from any
device and/or media in which it may be stored.
Thank you for your cooperation.

Web Hosting Web Mail



**From:** Elizabeth Jackson <ENJ@carrallison.com>
**To:** <gzoghby@scottsullivanlaw.com>
**Cc:** Julie Brawdy <JCB@carrallison.com>
**Subject:** Whetstone
**Date:** Thu, 01 Dec 2005 11:28:36 -0600

George:

My client will not be able to sign and send the affidavit until today.  I propose that I send you the Petition via email.  You can sign it and send it back to me.  By the time I receive the signed affidavit to attach, I should have your signed Petition and I can file them from here.  Does that sound good to you?

Elizabeth

Elizabeth Jackson
Carr Allison
100 Vestavia Parkway
Birmingham, AL  35216
205-949-2908 Direct Dial
205-822-2057 Facsimile
Alabama-Birmingham, Dothan
Florence, & Mobile
Mississippi - Gulfport
www.carrallison.com

CONFIDENTIALITY NOTICE:  This message is for the designated recipient(s) only and may contain privileged or confidential information.  If you have received it in error, please notify the sender immediately and delete the original.
Any other use of the email by you is prohibited.

Web Hosting Web Mail

**From:** Julie Brawdy <JCB@carrallison.com>
**To:** <gzoghby@scottsullivaniaw.com>
**Cc:** Elizabeth Jackson <ENJ@carrallison.com>
**Subject:** Re: Whetstone
**Date:** Thu, 01 Dec 2005 11:46:30 -0600

DEFENDANT'S
EXHIBIT
tabbies
G

Please see attached.

Julie C. Brawdy
Legal Assistant to Tom S. Roper, Devona Johnson,
Elizabeth Jackson & Dan Alexander
Carr Allison
100 Vestavia Parkway
Birmingham, AL 35216
(205) 822-2006 ext. 449
(205) 822-2057 Facsimile
Alabama-Birmingham, Dothan,
Florence & Mobile
Mississippi-Gulfport
www.carrallison.com

>>> George Zoghby <gzoghby@scottsullivaniaw.com> 12/01/05
11:32AM >>>
Sounds good.
---- Elizabeth Jackson <ENJ@carrallison.com> wrote:
>
> George:
>
> My client will not be able to sign and send the affidavit until today.
I propose that I send you the Petition via email.  You can sign it and send
it back to me.  By the time I receive the signed affidavit to attach, I
should have your signed Petition and I can file them from here.  Does that
sound good to you?
>
> Elizabeth
>
> Elizabeth Jackson
> Carr Allison
> 100 Vestavia Parkway
> Birmingham, AL  35216
> 205-949-2908 Direct Dial
> 205-822-2057 Facsimile
> Alabama-Birmingham, Dothan
> Florence, & Mobile
> Mississippi - Gulfport
> www.carrallison.com
>
>
>
>
> CONFIDENTIALITY NOTICE:  This message is for the designated
recipient(s)
> only and may contain privileged or confidential information.  If you

have
> received it in error, please notify the sender immediately and delete the original.
> Any other use of the email by you is prohibited.
>
>
>

George M. Zoghby, Esquire
SCOTT, SULLIVAN, STREETMAN & FOX, P.C.
Regions Bank Building, 10th Floor
56 Saint Joseph Street
Mobile, Alabama 36602
Telephone: 251-433-1346
Facsimile: 251-433-1086
Email: gzoghby@scottsullivanlaw.com

CONFIDENTIALITY NOTICE--This message, and any
attachment to it, is confidential, intended
only for the recipient(s) named above, and may
contain information that is privileged,
proprietary, attorney work-product, or
otherwise exempt from disclosure under
applicable law. There is no intent on the part
of the sender to waive any privilege that may
attach to this communication. If you have
received this message by error, or are not the
intended recipient, you are hereby notified
that you should not read, save, disseminate or
forward this message, or the information
contained in or attached to it, in any form or
manner. Instead, please notify the sender
immediately by reply or by telephone at (251)
433-1346 and delete this message from any
device and/or media in which it may be stored.
Thank you for your cooperation.

<<Petition for Removal to Federal Court.wpd (application/x-wordperfect6.1)>>

<<Notice of Removal.wpd (application/x-wordperfect6.1)>>

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARGARET WHETSTONE,               )
                                  )
        Plaintiff                 )
                                  )     Case No.:
v.                                )
                                  )
FRED'S STORES OF                  )
TENNESSEE, INC.,                  )
                                  )
        Defendant                 )

## PETITION OF REMOVAL

COME NOW the Defendants, Fred's Stores of Tennessee, Inc., and Cintas Corporation and file their Petition of Removal and show unto the Court as follows:

1.      Plaintiff filed this action in the Circuit Court of Tallapoosa County, Alabama, on or about November 9, 2005, as Civil Action 05-246. This petition is filed in the United States District Court for the Middle District of Alabama, Eastern Division, within the time allowed by law for the removal of actions to United States District Court. The documents attached hereto "Exhibit 1", to Defendants' knowledge, constitute all pleadings in the civil action in the Circuit Court of Tallapoosa County, Alabama.

2.      Defendants file this petition of removal with the Court pursuant to 28 U.S.C. §§1441 and 1446 and assert federal diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. This action could have been brought originally in this Court pursuant to 28 U.S.C. § 1332. This notice of removal is timely filed because it is submitted within thirty (30) days after the day Defendants received a copy of, or otherwise received notice of, the  summons and

complaint in this action. Accordingly, the prerequisites for removal pursuant to 28 U.S.C. § 1441 have been met.

3.  Pursuant to 28 U.S.C. § 1446(d), Defendants show that a copy of this petition of removal is being filed with the Clerk of the Circuit Court of Tallapoosa County, Alabama. Further, Defendants represent to this Court that a copy of this petition of removal is also being served upon counsel for Plaintiff.

4.  Complete diversity exists between the parties identified in this action. Upon information and belief, Defendants assert that Plaintiff, Margaret Whetstone, is a citizen and resident of Coosa County, Alabama. Defendant Fred's Stores of Tennessee, Inc., is a foreign corporation organized and existing under the laws of the State of Tennessee, and its principal place of business is in Memphis, Tennessee. Defendant Cintas Corporation is a foreign corporation organized and existing under the laws of Cincinnati, Ohio. Thus, Fred's Stores of Tennessee, Inc., is not a citizen of the State of Alabama, but it is a citizen of the State of Tennessee for the purposes of diversity jurisdiction. Cintas Corporation is not a citizen of the State of Alabama, but is a citizen of Ohio for the purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1). Without waiver of any defenses or objections, including but not limited to, improper process, improper service of process, improper venue, and lack of personal jurisdiction, Defendants submit this petition of removal.

5.  This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1332(a)(1) as the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs, and this action is between citizens of different states. The longstanding federal rule for determining a case's amount in controversy is to examine the plaintiff's complaint. Lindsay v. American General Life & Accident Ins. Co.,

133 F. Supp. 2d 1271, 1275 (N.D. Ala. 2001). Here, Plaintiff's complaint does not specify a

total amount of damage. According to the Eleventh Circuit case law, when the plaintiff does

not specify a monetary amount of damages in the complaint, the defendant "bears a lighter

burden to prove merely by a preponderance of the evidence that the amount in controversy

more likely than not exceeds the jurisdictional amount." Lindsay, 133 F. Supp. 2d at 1266.

Defendants aver that based upon the damages alleged in Plaintiff's complaint, the

preponderance of the evidence indicates that the amount in controversy in this cause exceeds

the sum or value of Seventy-Five Thousand dollars ($75,000.00), exclusive of interest and

costs. Plaintiff's complaint alleges that Plaintiff Margaret Whetstone was caused to suffer the

following:

> She fell upon her right knee; she was bruised, shocked
> and knocked; she was made sore about her entire body;
> she injured her right knee; she went to the emergency
> room for emergency medical treatment; she has sought
> treatment from medical physicians and will do so in the
> future; she underwent a surgical procedure to repair the
> damage to her knee; she has incurred medical bills and
> will do so in the future; she was temporarily disabled;
> she was permanently partially impaired; she has suffered
> physical pain and mental anguish and will do so in the future;
> her ability to enjoy life free of pain and without limitations
> has been forever diminished; and she was otherwise
> damaged and injured.

Exhibit 1.

6.    When ascertaining a case's amount in controversy, "state law is relevant to this

determination insofar as it defines the nature and extent of the right the plaintiff seeks to

enforce. This includes applying state law rules regarding the applicable measure of damages

and the availability of special and punitive damages." Lindsay, 133 F. Supp. 2d at 1277.

7.    Under Alabama law, "there is no fixed standard for the ascertainment of

compensatory damages for mental anguish. A determination of how much to award is left up to the sound discretion of the jury, subject to only the correction of the court for clear abuse or passionate exercise." Duck Head Apparel Co., Inc. v. Hoots, 659 So. 2d 897 (Ala. 1995); see also Alabama Power Co. V. Harmon, 483 So. 2d 386 (Ala. 1986).

8.    Additionally, in Merrit v. Roberts, 481 So. 2d 909 (Ala. Civ. App. 1985), the Court held:

> We are aware that the law in Alabama states that the amount of damages for physical injury and pain and suffering must be left largely to the sound discretion of the jury, . . . Furthermore, we recognize the rule that in cases in which pain and suffering are at issue no absolute standa rd exists by which adequacy of damages can be measured.

see also Pierce v. Strickland Paper Co., 653 So. 2d 306 (Ala. Civ. App. 1994) (stating that "[t]rial court erred when it increased the damages for pain and suffering, because it has not fixed an exact standard by which to measure those damages"); Jones v. Butts, 646 So. 2d 104 (Ala. Civ. App. 1994).

9.    Although Plaintiff's complaint does not set forth a specific monetary value of damages claimed, Plaintiff has clearly asserted that the value of this case exceeds $150,000.00. The document attached hereto as "Exhibit 2" is a letter from Plaintiff's counsel stating "Ms. Whetstone has authorized me to make a settlement offer of one hundred fifty thousand dollars and no/100 ($150,000.00)." Plaintiff's counsel goes on to say that they will "institute legal proceedings in the Circuit Court of Tallapoosa County at Alexander City, Alabama claiming damages in excess of one hundred fifty thousand dollars ($150,000.00)." As evidenced by Exhibit 2, Plaintiff has claimed that the value of this case is well in excess of $75,000.00.

10.     In addition to compensatory damages, Plaintiff could also recover punitive damages under the wantonness theory asserted in Plaintiff's complaint. According to Alabama Statutory law, a plaintiff can recover punitive damages by presenting clear and convincing evidence of wantonness. See Ala. Code § 6-11-20 (1975). The Federal District Court for the Middle District of Alabama has stated that "[e]xemplary damages are included in the amount in controversy as a general rule if they are legally recoverable." Steele v. Underwriters Adjusting Co., Inc., 649 F. Supp. 1414, 1417 n.5 (M.D. Ala. 1986). Because Plaintiff has alleged a wantonness theory that could give rise to a punitive damage award, this Court should consider the potential award of such damages when deciding whether Defendants have satisfied the amount in controversy requirement. Furthermore, the Fifth Circuit Court of Appeals has stated that "allegations as to punitive damages have as much bearing on the questions of federal jurisdiction as allegations as to compensatory damages." Paxton v. Weaver, 553 F. 2d 936, 940 (5th Cir. 1977) (quoting Bell v. Preferred Life Assurance Society, 320 U.S. 238, 340 64 S. CT. 5,6,88 L. Ed. 15, 18 (1943)).

11.     In the instant case, if liability, injuries and damages are proven according to the law that controls the theories set forth in Plaintiff's complaint and according to Plaintiff's own assertion that the case is worth over $150,000.00, the jury in this cause could reasonably return a verdict in excess of Seventy-Five Thousand Dollars ($75,000.00). Defendants do not admit or contend that they are liable to Plaintiff and do not admit or contend that Plaintiff's damages necessarily exceed Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. Instead, Defendants reasonably believe that based upon the legal theories asserted in Plaintiff's complaint, and the applicable Alabama law governing damages under those theories, Plaintiff will seek and ask a jury to return a verdict in an amount, sum, or value

in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs in this cause.

12.    Defendants cannot be deprived of their right to remove this cause to the United States District Court by Plaintiff's failure to set out a specific monetary figure in her complaint. See Steel v. Underwriter's Adjusting Co., Inc., 649 F. Supp. 1414 (M.D. Ala. 1986).

13.    The United States Supreme Court in St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S. Ct. 586, 8 L. Ed. 845 (1938), issued the seminal opinion regarding removal from a state court to a federal court. In that case, the Court held that a case may be removed unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount."

14.    Based upon the damages claimed by Plaintiff in the complaint and correspondence as set forth above, and the applicable Alabama law governing damages for mental anguish and physical pain and suffering, Defendants aver that the amount in controversy in this matter exceeds the Seventy-Five Thousand Dollar ($75,000.00) amount required for the jurisdiction of this Court.

15.    In the event Plaintiff disputes that the amount in controversy exceeds the jurisdictional requisite, Defendants request leave to conduct discovery to determine the extent of Plaintiff's claim to injuries, medical expenses incurred to date, future medical expenses, and other damages.

16.    The events complained of in this complaint occurred in the State of Alabama, and said action is one over which the District Courts of the United States are given original jurisdiction and there is complete diversity of citizenship between the parties, Plaintiff and Defendant, and the jurisdictional sum or value exceeds Seventy-Five Thousand Dollars

($75,000.00), exclusive of interest and costs.

WHEREFORE, Defendants give notice that the above-action now pending against

them in the Circuit Court of Tallapossa County, Alabama is removed therefrom to this Court.

_____

Elizabeth Jackson (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)
Attorney for Defendant Fred's Stores of
Tennessee, Inc.

**OF COUNSEL:**
CARR ALLISON
100 Vestavia Parkway, Suite 200
Birmingham, Alabama   35216
(205)822-2006

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing pleading upon all
counsel of record in this cause by placing a copy of same in the United States mail,
postage prepaid, addressed as follows on this the _____ day of _____,
2005:

Timothy B. Davis, Esq.
DAVIS & DAVIS, L.L.C.
P. O. BOX 1778
5 Lee Street
Alexander City, AL 35011-1778

Cintas
6800 Cintas Blvd.
P. O. Box 625737
Cincinnati, OH 45262-5737

_____

OF COUNSEL

IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY
AT ALEXANDER CITY, ALABAMA

| | | |
|---|---|---|
| MARGARET TURNER WHETSTONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NUMBER: |
| v. | ) | |
| | ) | 2005-246 |
| FRED'S INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

TO: TALLAPOOSA COUNTY, ALEXANDER CITY, CIRCUIT COURT CLERK

   **PLEASE TAKE NOTICE** that **FRED'S STORES OF TENNESSEE, INC.**, the

defendant in the above-entitled action, has this day filed its Petition for Removal, a copy of

which is attached hereto, in the office of the Clerk in the United States District Court for the

Northern District of Alabama.

_____
Elizabeth Jackson (JAC084)
Attorney for the defendant, Fred's Stores of
Tennessee, Inc.

OF COUNSEL:
CARR ALLISON
100 Vestavia Parkway, Suite 200
Birmingham, Alabama   35216
(205)822-2006

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing pleading upon all counsel of record in this cause by placing a copy of same in the United States mail, postage prepaid, addressed as follows on this the _____ day of _____, 2005:

Timothy B. Davis, Esq.
DAVIS & DAVIS, L.L.C.
P. O. BOX 1778
5 Lee Street
Alexander City, AL 35011-1778

Cintas
6800 Cintas Blvd.
P. O. Box 625737
Cincinnati, OH 45262-5737


_____
OF COUNSEL

---

Web Hosting Web Mail

**DEFENDANT'S EXHIBIT**

H

**From:** George Zoghby <gzoghby@scottsullivanlaw.com>
  **To:** Elizabeth Jackson <ENJ@carrallison.com>
**Subject:** Re: Whetstone
  **Date:** Thu, 01 Dec 2005 12:32:03 -0500 (EST)

Sounds good.
---- Elizabeth Jackson <ENJ@carrallison.com> wrote:
>
> George:
>
> My client will not be able to sign and send the affidavit until today.
I propose that I send you the Petition via email.  You can sign it and send
it back to me.  By the time I receive the signed affidavit to attach, I
should have your signed Petition and I can file them from here.  Does that
sound good to you?
>
> Elizabeth
>
> Elizabeth Jackson
> Carr Allison
> 100 Vestavia Parkway
> Birmingham, AL  35216
> 205-949-2908 Direct Dial
> 205-822-2057 Facsimile
> Alabama-Birmingham, Dothan
> Florence, & Mobile
> Mississippi - Gulfport
> www.carrallison.com
>
>
>
>
> CONFIDENTIALITY NOTICE:  This message is for the designated
recipient(s)
> only and may contain privileged or confidential information.  If you
have
> received it in error, please notify the sender immediately and delete
the original.
> Any other use of the email by you is prohibited.
>
>
>

George M. Zoghby, Esquire
SCOTT, SULLIVAN, STREETMAN & FOX, P.C.
Regions Bank Building, 10th Floor
56 Saint Joseph Street
Mobile, Alabama 36602
Telephone: 251-433-1346
Facsimile: 251-433-1086

Email: gzoghby@scottsullivanlaw.com

CONFIDENTIALITY NOTICE--This message, and any
attachment to it, is confidential, intended
only for the recipient(s) named above, and may
contain information that is privileged,
proprietary, attorney work-product, or
otherwise exempt from disclosure under
applicable law. There is no intent on the part
of the sender to waive any privilege that may
attach to this communication. If you have
received this message by error, or are not the
intended recipient, you are hereby notified
that you should not read, save, disseminate or
forward this message, or the information
contained in or attached to it, in any form or
manner. Instead, please notify the sender
immediately by reply or by telephone at (251)
433-1346 and delete this message from any
device and/or media in which it may be stored.
Thank you for your cooperation.

Web Hosting Web Mail

**DEFENDANT'S EXHIBIT**

_I_

**From:** Elizabeth Jackson <ENJ@carrallison.com>
**To:** <gzoghby@scottsullivanlaw.com>
**Cc:** Amy Taff <ALT@carrallison.com>, Kim I. Harris <KIH@carrallison.com>
**Subject:** Whetstone v. Fred's/Cintas
**Date:** Mon, 05 Dec 2005 15:33:24 -0600

George:

Were you able to get the petition revised and signed?  You may have sent the
revised document to my secretary.  I received the executed affidavit in the
mail today, so we can electronically file the petition when we receive your
signed copy.  I appreciate you making the revisions, and please let me know
if you need any further information from me.

Elizabeth

Elizabeth Jackson
Carr Allison
100 Vestavia Parkway
Birmingham, AL  35216
205-949-2908 Direct Dial
205-822-2057 Facsimile
Alabama-Birmingham, Dothan
Florence, & Mobile
Mississippi - Gulfport
www.carrallison.com

CONFIDENTIALITY NOTICE:  This message is for the designated recipient(s)
only and may contain privileged or confidential information.  If you have
received it in error, please notify the sender immediately and delete the
original.
Any other use of the email by you is prohibited.

Web Hosting Web Mail

DEFENDANT'S
EXHIBIT

tabbies®

J

**From:** George Zoghby <gzoghby@scottsullivanlaw.com>
**To:** Elizabeth Jackson <ENJ@carrallison.com>
**Subject:** Re: Whetstone v. Fred's/Cintas
**Date:** Mon, 05 Dec 2005 18:11:12 -0500 (EST)

Elizabeth,  I'm trying to find out where Cinta is incorporated.  As soon as
I get it I will make revisions and forward.
Thanks,
George
---- Elizabeth Jackson <ENJ@carrallison.com> wrote:
>
> George:
>
> Were you able to get the petition revised and signed?  You may have
sent the revised document to my secretary.  I received the executed
affidavit in the mail today, so we can electronically file the petition when
we receive your signed copy.  I appreciate you making the revisions, and
please let me know if you need any further information from me.
>
> Elizabeth
>
> Elizabeth Jackson
> Carr Allison
> 100 Vestavia Parkway
> Birmingham, AL  35216
> 205-949-2908 Direct Dial
> 205-822-2057 Facsimile
> Alabama-Birmingham, Dothan
> Florence, & Mobile
> Mississippi - Gulfport
> www.carrallison.com
>
>
>
>
> CONFIDENTIALITY NOTICE:  This message is for the designated
recipient(s)
> only and may contain privileged or confidential information.  If you
have
> received it in error, please notify the sender immediately and delete
the original.
> Any other use of the email by you is prohibited.
>
>
>


George M. Zoghby, Esquire
SCOTT, SULLIVAN, STREETMAN & FOX, P.C.
Regions Bank Building, 10th Floor
56 Saint Joseph Street

Mobile, Alabama 36602
Telephone: 251-433-1346
Facsimile: 251-433-1086
Email: gzoghby@scottsullivanlaw.com

CONFIDENTIALITY NOTICE--This message, and any
attachment to it, is confidential, intended
only for the recipient(s) named above, and may
contain information that is privileged,
proprietary, attorney work-product, or
otherwise exempt from disclosure under
applicable law. There is no intent on the part
of the sender to waive any privilege that may
attach to this communication. If you have
received this message by error, or are not the
intended recipient, you are hereby notified
that you should not read, save, disseminate or
forward this message, or the information
contained in or attached to it, in any form or
manner. Instead, please notify the sender
immediately by reply or by telephone at (251)
433-1346 and delete this message from any
device and/or media in which it may be stored.
Thank you for your cooperation.

Web Hosting Web Mail

DEFENDANT'S
EXHIBIT
tabbies
K

**From:** George Zoghby <gzoghby@scottsullivanlaw.com>
**To:** <enj@carrallison.com>
**Subject:** Fwd: Re: Whetstone v. Fred's/Cintas
**Date:** Mon, 05 Dec 2005 18:13:57 -0500 (EST)

----------
From: George Zoghby <gzoghby@scottsullivanlaw.com>
Date: Mon, 05 Dec 2005 18:11:12 -0500 (EST)
To: Elizabeth Jackson <ENJ@carrallison.com>
Subject: Re: Whetstone v. Fred's/Cintas

Elizabeth,  I'm trying to find out where Cinta is incorporated.  As soon as
I get it I will make revisions and forward.
Thanks,
George
---- Elizabeth Jackson <ENJ@carrallison.com> wrote:
>
> George:
>
> Were you able to get the petition revised and signed?  You may have
sent the revised document to my secretary.  I received the executed
affidavit in the mail today, so we can electronically file the petition when
we receive your signed copy.  I appreciate you making the revisions, and
please let me know if you need any further information from me.
>
> Elizabeth
>
> Elizabeth Jackson
> Carr Allison
> 100 Vestavia Parkway
> Birmingham, AL  35216
> 205-949-2908 Direct Dial
> 205-822-2057 Facsimile
> Alabama-Birmingham, Dothan
> Florence, & Mobile
> Mississippi - Gulfport
> www.carrallison.com
>
>
>
>
> CONFIDENTIALITY NOTICE:  This message is for the designated
recipient(s)
> only and may contain privileged or confidential information.  If you
have
> received it in error, please notify the sender immediately and delete
the original.
> Any other use of the email by you is prohibited.
>
>
>

George M. Zoghby, Esquire
SCOTT, SULLIVAN, STREETMAN & FOX, P.C.
Regions Bank Building, 10th Floor
56 Saint Joseph Street
Mobile, Alabama 36602
Telephone: 251-433-1346
Facsimile: 251-433-1086
Email: gzoghby@scottsullivanlaw.com

CONFIDENTIALITY NOTICE--This message, and any
attachment to it, is confidential, intended
only for the recipient(s) named above, and may
contain information that is privileged,
proprietary, attorney work-product, or
otherwise exempt from disclosure under
applicable law. There is no intent on the part
of the sender to waive any privilege that may
attach to this communication. If you have
received this message by error, or are not the
intended recipient, you are hereby notified
that you should not read, save, disseminate or
forward this message, or the information
contained in or attached to it, in any form or
manner. Instead, please notify the sender
immediately by reply or by telephone at (251)
433-1346 and delete this message from any
device and/or media in which it may be stored.
Thank you for your cooperation.

George M. Zoghby, Esquire
SCOTT, SULLIVAN, STREETMAN & FOX, P.C.
Regions Bank Building, 10th Floor
56 Saint Joseph Street
Mobile, Alabama 36602
Telephone: 251-433-1346
Facsimile: 251-433-1086
Email: gzoghby@scottsullivanlaw.com

CONFIDENTIALITY NOTICE--This message, and any
attachment to it, is confidential, intended
only for the recipient(s) named above, and may
contain information that is privileged,
proprietary, attorney work-product, or
otherwise exempt from disclosure under
applicable law. There is no intent on the part
of the sender to waive any privilege that may
attach to this communication. If you have
received this message by error, or are not the

intended recipient, you are hereby notified that you should not read, save, disseminate or forward this message, or the information contained in or attached to it, in any form or manner. Instead, please notify the sender immediately by reply or by telephone at (251) 433-1346 and delete this message from any device and/or media in which it may be stored. Thank you for your cooperation.

Sent: Margaret Whetstone v. Fred's Stores of Tennessee, Inc., et al.    Page 1 of 2

Case 3:05-cv-01171-MEF-SRW    Document 11    Filed 12/30/2005    Page 43 of 91

Web Hosting Web Mail

DEFENDANT'S
EXHIBIT
L

**From:** ffeaz@scottsullivanlaw.com <ffeaz@scottsullivanlaw.com>
  **To:** <enj@carrallison.com>
**Subject:** Margaret Whetstone v. Fred's Stores of Tennessee, Inc., et al.
  **Date:** Tue, 06 Dec 2005 17:43:02 -0500 (EST)

Writer's E-Mail:
gzoghby@scottsullivanlaw.com

December 6, 2005

Elizabeth Jackson, Esquire (enj@carrallison.com)
Carr, Allison
100 Vestavia Parkway
Birmingham, Alabama 35216

Re:    Whetstone v. Fred's Stores of Tennessee, Inc., et al.
          Our File No. 05-072
Dear Elizabeth:

Pursuant to our conversation, attached please find the Notice of Removal and
Joint Petition of Removal in the above-referenced matter.

Sincerely,

GEORGE M. ZOGHBY
GMZ:fjf
attachments

SENT BY:

Faire J. Feaz
Legal Assistant
Scott, Sullivan, Streetman & Fox
56 St. Joseph Street, 10th Floor
Mobile, Alabama 36602
251-433-1346

CONFIDENTIAL: The information in this email (and any attachments) is
confidential. If you are not the intended recipient, you must not read, use
or disseminate the information. Although this email and any attachments are
believed to be free of any virus or other defect that might affect any
computer system into which it is received and opened, it is the
responsibility of the recipient to ensure that it is virus free and no
responsibility is accepted by Scott, Sullivan, Streetman & Fox, P.C.
for
any loss or damage arising in any way from its use.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MARGARET WHETSTONE,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | **Case No.:** |
| **v.** | ) | |
| | ) | |
| **FRED'S STORES OF** | ) | |
| **TENNESSEE, INC., CINTAS CORP., et al.** | ) | |
| | ) | |
| **Defendants** | ) | |

---

### JOINT PETITION OF REMOVAL

---

COME NOW the Defendants, Fred's Stores of Tennessee, Inc., and Cintas Corporation and file their Joint Petition of Removal and show unto the Court as follows:

1.     Plaintiff filed this action in the Circuit Court of Tallapoosa County, Alabama, on or about November 9, 2005, as Civil Action 05-246. This petition is filed in the United States District Court for the Middle District of Alabama, Eastern Division, within the time allowed by law for the removal of actions to United States District Court. The documents attached hereto "Exhibit 1", to Defendants' knowledge, constitute all pleadings in the civil action in the Circuit Court of Tallapoosa County, Alabama.

2.     Defendants file this petition of removal with the Court pursuant to 28 U.S.C. §§1441 and 1446 and assert federal diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. This action could have been brought originally in this Court pursuant to 28 U.S.C. § 1332. This notice of removal is timely filed because it is submitted within thirty (30) days after the day Defendants received a copy of, or otherwise received notice of, the summons and complaint in this action. Accordingly, the prerequisites for removal pursuant

to 28 U.S.C. § 1441 have been met.

    3.      Pursuant to 28 U.S.C. § 1446(d), Defendants show that a copy of this petition of removal is being filed with the Clerk of the Circuit Court of Tallapoosa County, Alabama. Further, Defendants represent to this Court that a copy of this petition of removal is also being served upon counsel for Plaintiff.

    4.      Complete diversity exists between the parties identified in this action. Upon information and belief, Defendants assert that Plaintiff, Margaret Whetstone, is a citizen and resident of Coosa County, Alabama. Defendant Fred's Stores of Tennessee, Inc., is a foreign corporation organized and existing under the laws of the State of Tennessee, and its principal place of business is in Memphis, Tennessee. Defendant Cintas Corporation is a foreign corporation incorporated in the State of Washington with its principal place of business in Cincinnati, Ohio. Thus, Fred's Stores of Tennessee, Inc., is not a citizen of the State of Alabama, but it is a citizen of the State of Tennessee for the purposes of diversity jurisdiction. Cintas Corporation is not a citizen of the State of Alabama, but is a citizen of Ohio for the purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1). Without waiver of any defenses or objections, including but not limited to, improper process, improper service of process, improper venue, and lack of personal jurisdiction, Defendants submit this petition of removal.

    5.      This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1332(a)(1) as the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs, and this action is between citizens of different states. The longstanding federal rule for determining a case's amount in controversy is to examine the plaintiff's complaint. Lindsay v. American General Life &

2

Accident Ins. Co., 133 F. Supp. 2d 1271, 1275 (N.D. Ala. 2001). Here, Plaintiff's complaint does not specify a total amount of damage. According to the Eleventh Circuit case law, when the plaintiff does not specify a monetary amount of damages in the complaint, the defendant "bears a lighter burden to prove merely by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional amount." Lindsay, 133 F. Supp. 2d at 1266. Defendants aver that based upon the damages alleged in Plaintiff's complaint, the preponderance of the evidence indicates that the amount in controversy in this cause exceeds the sum or value of Seventy-Five Thousand dollars ($75,000.00), exclusive of interest and costs. Plaintiff's complaint alleges that Plaintiff Margaret Whetstone was caused to suffer the following:

> She fell upon her right knee; she was bruised, shocked and knocked; she was made sore about her entire body; she injured her right knee; she went to the emergency room for emergency medical treatment; she has sought treatment from medical physicians and will do so in the future; she underwent a surgical procedure to repair the damage to her knee; she has incurred medical bills and will do so in the future; she was temporarily disabled; she was permanently partially impaired; she has suffered physical pain and mental anguish and will do so in the future; her ability to enjoy life free of pain and without limitations has been forever diminished; and she was otherwise damaged and injured.

Exhibit 1.

6.    When ascertaining a case's amount in controversy, "state law is relevant to this determination insofar as it defines the nature and extent of the right the plaintiff seeks to enforce. This includes applying state law rules regarding the applicable measure of damages and the availability of special and punitive damages." Lindsay, 133 F. Supp. 2d at 1277.

3

7.    Under Alabama law, "there is no fixed standard for the ascertainment of compensatory damages for mental anguish.  A determination of how much to award is left up to the sound discretion of the jury, subject to only the correction of the court for clear abuse or passionate exercise."  Duck Head Apparel Co., Inc. v. Hoots, 659 So. 2d 897 (Ala. 1995); see also Alabama Power Co. V. Harmon, 483 So. 2d 386 (Ala. 1986).

8.    Additionally, in Merrit v. Roberts, 481 So. 2d 909 (Ala. Civ. App. 1985), the Court held:

> We are aware that the law in Alabama states that the amount of damages for physical injury and pain and suffering must be left largely to the sound discretion of the jury, . . . Furthermore, we recognize the rule that in cases in which pain and suffering are at issue no absolute standard exists by which adequacy of damages can be measured.

see also Pierce v. Strickland Paper Co., 653 So. 2d 306 (Ala. Civ. App. 1994) (stating that "[t]rial court erred when it increased the damages for pain and suffering, because it has not fixed an exact standard by which to measure those damages"); Jones v. Butts, 646 So. 2d 104 (Ala. Civ. App. 1994).

9.    Although Plaintiff's complaint does not set forth a specific monetary value of damages claimed, Plaintiff has clearly asserted that the value of this case exceeds $150,000.00.  The document attached hereto as "Exhibit 2" is a letter from Plaintiff's counsel stating "Ms. Whetstone has authorized me to make a settlement offer of one hundred fifty thousand dollars and no/100 ($150,000.00)."  Plaintiff's counsel goes on to say that they will "institute legal proceedings in the Circuit Court of Tallapoosa County at Alexander City, Alabama claiming damages in excess of one hundred fifty thousand dollars ($150,000.00)."  As evidenced by Exhibit 2, Plaintiff has claimed that the value of this case

4

is well in excess of $75,000.00.

10.    In addition to compensatory damages, Plaintiff could also recover punitive damages under the wantonness theory asserted in Plaintiff's complaint.  According to Alabama Statutory law, a plaintiff can recover punitive damages by presenting clear and convincing evidence of wantonness. See Ala. Code § 6-11-20 (1975).  The Federal District Court for the Middle District of Alabama has stated that "[e]xemplary damages are included in the amount in controversy as a general rule if they are legally recoverable." Steele v. Underwriters Adjusting Co., Inc., 649 F. Supp. 1414, 1417 n.5 (M.D. Ala. 1986).  Because Plaintiff has alleged a wantonness theory that could give rise to a punitive damage award, this Court should consider the potential award of such damages when deciding whether Defendants have satisfied the amount in controversy requirement.  Furthermore, the Fifth Circuit Court of Appeals has stated that "allegations as to punitive damages have as much bearing on the questions of federal jurisdiction as allegations as to compensatory damages." Paxton v. Weaver, 553 F. 2d 936, 940 (5th Cir. 1977) (quoting Bell v. Preferred Life Assurance Society, 320 U.S. 238, 340 64 S. CT. 5,6,88 L. Ed. 15, 18 (1943)).

11.    In the instant case, if liability, injuries and damages are proven according to the law that controls the theories set forth in Plaintiff's complaint and according to Plaintiff's own assertion that the case is worth over $150,000.00, the jury in this cause could reasonably return a verdict in excess of Seventy-Five Thousand Dollars ($75,000.00). Defendants do not admit or contend that they are liable to Plaintiff and do not admit or contend that Plaintiff's damages necessarily exceed Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.  Instead, Defendants reasonably believe that based upon the legal theories asserted in Plaintiff's complaint, and the applicable Alabama

5

law governing damages under those theories, Plaintiff will seek and ask a jury to return a verdict in an amount, sum, or value in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs in this cause.

12.     Defendants cannot be deprived of their right to remove this cause to the United States District Court by Plaintiff's failure to set out a specific monetary figure in her complaint.  See Steel v. Underwriter's Adjusting Co., Inc., 649 F. Supp. 1414 (M.D. Ala. 1986).

13.     The United States Supreme Court in St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S. Ct. 586, 8 L. Ed. 845 (1938), issued the seminal opinion regarding removal from a state court to a federal court.  In that case, the Court held that a case may be removed unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount."

14.     Based upon the damages claimed by Plaintiff in the complaint and correspondence as set forth above, and the applicable Alabama law governing damages for mental anguish and physical pain and suffering, Defendants aver that the amount in controversy in this matter exceeds the Seventy-Five Thousand Dollar ($75,000.00) amount required for the jurisdiction of this Court.

15.     In the event Plaintiff disputes that the amount in controversy exceeds the jurisdictional requisite, Defendants request leave to conduct discovery to determine the extent of Plaintiff's claim to injuries, medical expenses incurred to date, future medical expenses, and other damages.

16.     The events complained of in this complaint occurred in the State of Alabama, and said action is one over which the District Courts of the United States are given original

6

jurisdiction and there is complete diversity of citizenship between the parties, Plaintiff and

Defendant, and the jurisdictional sum or value exceeds Seventy-Five Thousand Dollars

($75,000.00), exclusive of interest and costs.

WHEREFORE, Defendants give notice that the above-action now pending against

them in the Circuit Court of Tallapossa County, Alabama is removed therefrom to this

Court.

_____

Elizabeth Jackson (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)
Attorney for Defendant Fred's Stores of
Tennessee, Inc.

**OF COUNSEL:**
CARR ALLISON
100 Vestavia Parkway, Suite 200
Birmingham, Alabama   35216
(205)822-2006

_____

CARROLL H. SULLIVAN (SULL8646)
GEORGE M. ZOGHBY (ZOGH4188)
Attorneys for Cintas Corp.

**OF COUNSEL:**
SCOTT, SULLIVAN, STREETMAN & FOX, P.C.
Post Office Box 1034
Mobile, Alabama   36633
(251) 433-1346

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing pleading upon all counsel of record in this cause by placing a copy of same in the United States mail, postage prepaid, addressed as follows on this the _____ day of _____, 2005:

Timothy B. Davis, Esq.
DAVIS & DAVIS, L.L.C.
P. O. BOX 1778
5 Lee Street
Alexander City, AL 35011-1778

_____
OF COUNSEL

8

## IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY
## AT ALEXANDER CITY, ALABAMA

| | | |
|---|---|---|
| MARGARET TURNER WHETSTONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NUMBER: |
| v. | ) | |
| | ) | 2005-246 |
| FRED'S INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

---

## NOTICE OF REMOVAL

---

TO: TALLAPOOSA COUNTY, ALEXANDER CITY, CIRCUIT COURT CLERK

PLEASE TAKE NOTICE that FRED'S STORES OF TENNESSEE, INC. and Cintas Corp., the defendants in the above-entitled action, has this day filed their Petition for Removal, a copy of which is attached hereto, in the office of the Clerk in the United States District Court for the Middle District of Alabama, Southern Division.

---

Elizabeth Jackson (JAC084)
Attorney for the defendant, Fred's Stores of Tennessee, Inc.

OF COUNSEL:
CARR ALLISON
100 Vestavia Parkway, Suite 200
Birmingham, Alabama   35216
(205)822-2006

_____

CARROLL H. SULLIVAN (SULL8646)
GEORGE M. ZOGHBY (ZOGH4188)
Attorneys for Cintas Corp.

**OF COUNSEL:**
SCOTT, SULLIVAN, STREETMAN & FOX, P.C.
Post Office Box 1034
Mobile, Alabama  36633
(251) 433-1346

### CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing pleading upon all counsel of record in this cause by placing a copy of same in the United States mail, postage prepaid, addressed as follows on this the _____ day of _____, 2005:

Timothy B. Davis, Esq.
DAVIS & DAVIS, L.L.C.
P. O. BOX 1778
5 Lee Street
Alexander City, AL 35011-1778

_____

OF COUNSEL

| Web Hosting Web Mail | |
|---|---|

**DEFENDANT'S
EXHIBIT
m**

**From:** <efile_notice@almd.uscourts.gov>
**To:** <almd_mailout@almd.uscourts.gov>
**Subject:** Activity in Case 3:05-cv-01171-MEF-SRW Whetstone v. Fred's, Inc. et al "Motion to Remand"
**Date:** Wed, 28 Dec 2005 14:58:20 -0600 (CST)

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

**U.S. District Court**

**Alabama Middle District**

Notice of Electronic Filing

The following transaction was received from entered on 12/28/2005 at 2:58 PM CST and filed on 12/28/2005
**Case Name:**      Whetstone v. Fred's, Inc. et al
**Case Number:**   3:05-cv-1171
**Filer:**             Margaret Turner Whetstone
**Document Number:** 7

**Docket Text:**
MOTION to Remand by Margaret Turner Whetstone. (Attachments: # (1) Exhibit A; # (2) Exhibit B; # (3) Exhibit C)(djy, )

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1053018227 [Date=12/28/2005] [FileNumber=465019-0
] [50897619652c404194356acc0d38d7c54f328c0623eb62490ee7fcda3f68fb600e7
34ef80ca36f4763f05f1db75a48274277d06931e499e23bb8ce5dfabb4be1]]
**Document description:** Exhibit A
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1053018227 [Date=12/28/2005] [FileNumber=465019-1
] [40a795eb2e6e0efb54775dc1823e9bb82341347f9360dfb52ce29e0558e1acd06bf
bdb884143aa2564991076d3efae9f59fbbda26ff30d46c8867aa0862dab60]]
**Document description:** Exhibit B
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1053018227 [Date=12/28/2005] [FileNumber=465019-2
] [24cfa1b14cd2b526552c4a913472521e79b073ea15834977d5692f51e8223c8b4eb
97069fc65c84378cca44a49a796660f771b3cff76e218cf2686338c843312]]
**Document description:** Exhibit C
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1053018227 [Date=12/28/2005] [FileNumber=465019-3
] [abc0d7b806c4591fc3468d3c9557a50be8854f658884e5af5ffad70b3bb7f7b00ac
fd13ad6ed2d72c6c57583b2a3ce35fea2a0ba380f0fc0caeddd575d31756a]]

**3:05-cv-1171 Notice will be electronically mailed to:**

Timothy Bledsoe Davis    1tdavis@bellsouth.net, jwelcher@bellsouth.net

Elizabeth Jackson     enj@carrallison.com, alt@carrallison.com

George Michael Zoghby    gzoghby@scottsullivanlaw.com

**3:05-cv-1171 Notice will be delivered by other means to:**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

**RECEIVED**

MARGARET WHETSTONE,                    )

    **Plaintiff**                    )

                     )

**v.**                    )

FRED'S STORES OF
TENNESSEE, INC.,                    )

    **Defendant**                    )

2005 DEC -9  A 11: 50

DEBRA P. HACKETT. CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**Case No.:**

---

## PETITION OF REMOVAL

---

    COME NOW the Defendants, Fred's Stores of Tennessee, Inc., and Cintas Corporation and file their Petition of Removal and show unto the Court as follows:

    1.    Plaintiff filed this action in the Circuit Court of Tallapoosa County, Alabama, on or about November 9, 2005, as Civil Action 05-246. This petition is filed in the United States District Court for the Middle District of Alabama, Eastern Division, within the time allowed by law for the removal of actions to United States District Court. The documents attached hereto "Exhibit 1", to Defendants' knowledge, constitute all pleadings in the civil action in the Circuit Court of Tallapoosa County, Alabama.

    2.    Defendants file this petition of removal with the Court pursuant to 28 U.S.C. §§1441 and 1446 and assert federal diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. This action could have been brought originally in this Court pursuant to 28 U.S.C. § 1332. This notice of removal is timely filed because it is submitted within thirty (30) days after the day Defendants received a copy of, or otherwise received notice of, the summons and complaint in this action. Accordingly, the prerequisites for removal pursuant

to 28 U.S.C. § 1441 have been met.

3.    Pursuant to 28 U.S.C. § 1446(d), Defendants show that a copy of this petition of removal is being filed with the Clerk of the Circuit Court of Tallapoosa County, Alabama. Further, Defendants represent to this Court that a copy of this petition of removal is also being served upon counsel for Plaintiff.

4.    Complete diversity exists between the parties identified in this action. Upon information and belief, Defendants assert that Plaintiff, Margaret Whetstone, is a citizen and resident of Coosa County, Alabama. Defendant Fred's Stores of Tennessee, Inc., is a foreign corporation organized and existing under the laws of the State of Tennessee, and its principal place of business is in Memphis, Tennessee. Defendant Cintas Corporation is a foreign corporation organized and existing under the laws of Cincinnati, Ohio. Thus, Fred's Stores of Tennessee, Inc., is not a citizen of the State of Alabama, but it is a citizen of the State of Tennessee for the purposes of diversity jurisdiction. Cintas Corporation is not a citizen of the State of Alabama, but is a citizen of Ohio for the purposes of diversity jurisdiction.    28 U.S.C. § 1332(c)(1).    Without waiver of any defenses or objections, including but not limited to, improper process, improper service of process, improper venue, and lack of personal jurisdiction, Defendants submit this petition of removal.

5.    This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1332(a)(1) as the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs, and this action is between citizens of different states. The longstanding federal rule for determining a case's amount in controversy is to examine the plaintiff's complaint. Lindsay v. American General Life & Accident Ins. Co., 133 F. Supp. 2d 1271, 1275 (N.D. Ala. 2001). Here, Plaintiff's complaint

does not specify a total amount of damage. According to the Eleventh Circuit case law,

when the plaintiff does not specify a monetary amount of damages in the complaint, the

defendant "bears a lighter burden to prove merely by a preponderance of the evidence that

the amount in controversy more likely than not exceeds the jurisdictional amount." Lindsay,

133 F. Supp. 2d at 1266. Defendants aver that based upon the damages alleged in

Plaintiff's complaint, the preponderance of the evidence indicates that the amount in

controversy in this cause exceeds the sum or value of Seventy-Five Thousand dollars

($75,000.00), exclusive of interest and costs. Plaintiff's complaint alleges that Plaintiff

Margaret Whetstone was caused to suffer the following:

> She fell upon her right knee; she was bruised, shocked
> and knocked; she was made sore about her entire body;
> she injured her right knee; she went to the emergency
> room for emergency medical treatment; she has sought
> treatment from medical physicians and will do so in the
> future; she underwent a surgical procedure to repair the
> damage to her knee; she has incurred medical bills and
> will do so in the future; she was temporarily disabled;
> she was permanently partially impaired; she has suffered
> physical pain and mental anguish and will do so in the future;
> her ability to enjoy life free of pain and without limitations
> has been forever diminished; and she was otherwise
> damaged and injured.

Exhibit 1.

6.    When ascertaining a case's amount in controversy, "state law is relevant to

this determination insofar as it defines the nature and extent of the right the plaintiff seeks

to enforce. This includes applying state law rules regarding the applicable measure of

damages and the availability of special and punitive damages." Lindsay, 133 F. Supp. 2d

at 1277.

7.    Under Alabama law, "there is no fixed standard for the ascertainment of

compensatory damages for mental anguish. A determination of how much to award is left up to the sound discretion of the jury, subject to only the correction of the court for clear abuse or passionate exercise." Duck Head Apparel Co., Inc. v. Hoots, 659 So. 2d 897 (Ala. 1995); see also Alabama Power Co. V. Harmon, 483 So. 2d 386 (Ala. 1986).

8.    Additionally, in Merrit v. Roberts, 481 So. 2d 909 (Ala. Civ. App. 1985), the Court held:

> We are aware that the law in Alabama states that the amount of damages for physical injury and pain and suffering must be left largely to the sound discretion of the jury, . . . Furthermore, we recognize the rule that in cases in which pain and suffering are at issue no absolute standard exists by which adequacy of damages can be measured.

see also Pierce v. Strickland Paper Co., 653 So. 2d 306 (Ala. Civ. App. 1994) (stating that "[t]rial court erred when it increased the damages for pain and suffering, because it has not fixed an exact standard by which to measure those damages"); Jones v. Butts, 646 So. 2d 104 (Ala. Civ. App. 1994).

9.    Although Plaintiff's complaint does not set forth a specific monetary value of damages claimed, Plaintiff has clearly asserted that the value of this case exceeds $150,000.00. The document attached hereto as "Exhibit 2" is a letter from Plaintiff's counsel stating "Ms. Whetstone has authorized me to make a settlement offer of one hundred fifty thousand dollars and no/100 ($150,000.00)." Plaintiff's counsel goes on to say that they will "institute legal proceedings in the Circuit Court of Tallapoosa County at Alexander City, Alabama claiming damages in excess of one hundred fifty thousand dollars ($150,000.00)." As evidenced by Exhibit 2, Plaintiff has claimed that the value of this case is well in excess of $75,000.00.

10.    In addition to compensatory damages, Plaintiff could also recover punitive

damages under the wantonness theory asserted in Plaintiff's complaint. According to Alabama Statutory law, a plaintiff can recover punitive damages by presenting clear and convincing evidence of wantonness. See Ala. Code § 6-11-20 (1975). The Federal District Court for the Middle District of Alabama has stated that "[e]xemplary damages are included in the amount in controversy as a general rule if they are legally recoverable." Steele v. Underwriters Adjusting Co., Inc., 649 F. Supp. 1414, 1417 n.5 (M.D. Ala. 1986). Because Plaintiff has alleged a wantonness theory that could give rise to a punitive damage award, this Court should consider the potential award of such damages when deciding whether Defendants have satisfied the amount in controversy requirement. Furthermore, the Fifth Circuit Court of Appeals has stated that "allegations as to punitive damages have as much bearing on the questions of federal jurisdiction as allegations as to compensatory damages." Paxton v. Weaver, 553 F. 2d 936, 940 (5th Cir. 1977) (quoting Bell v. Preferred Life Assurance Society, 320 U.S. 238, 340 64 S. CT. 5,6,88 L. Ed. 15, 18 (1943)).

11.    In the instant case, if liability, injuries and damages are proven according to the law that controls the theories set forth in Plaintiff's complaint and according to Plaintiff's own assertion that the case is worth over $150,000.00, the jury in this cause could reasonably return a verdict in excess of Seventy-Five Thousand Dollars ($75,000.00). Defendants do not admit or contend that they are liable to Plaintiff and do not admit or contend that Plaintiff's damages necessarily exceed Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. Instead, Defendants reasonably believe that based upon the legal theories asserted in Plaintiff's complaint, and the applicable Alabama law governing damages under those theories, Plaintiff will seek and ask a jury to return a verdict in an amount, sum, or value in excess of Seventy-Five Thousand Dollars

($75,000.00), exclusive of interest and costs in this cause.

12.     Defendants cannot be deprived of their right to remove this cause to the United States District Court by Plaintiff's failure to set out a specific monetary figure in her complaint. See Steel v. Underwriter's Adjusting Co., Inc., 649 F. Supp. 1414 (M.D. Ala. 1986).

13.     The United States Supreme Court in St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S. Ct. 586, 8 L. Ed. 845 (1938), issued the seminal opinion regarding removal from a state court to a federal court. In that case, the Court held that a case may be removed unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount."

14.     Based upon the damages claimed by Plaintiff in the complaint and correspondence as set forth above, and the applicable Alabama law governing damages for mental anguish and physical pain and suffering, Defendants aver that the amount in controversy in this matter exceeds the Seventy-Five Thousand Dollar ($75,000.00) amount required for the jurisdiction of this Court.

15.     In the event Plaintiff disputes that the amount in controversy exceeds the jurisdictional requisite, Defendants request leave to conduct discovery to determine the extent of Plaintiff's claim to injuries, medical expenses incurred to date, future medical expenses, and other damages.

16.     The events complained of in this complaint occurred in the State of Alabama, and said action is one over which the District Courts of the United States are given original jurisdiction and there is complete diversity of citizenship between the parties, Plaintiff and Defendant, and the jurisdictional sum or value exceeds Seventy-Five Thousand Dollars

($75,000.00), exclusive of interest and costs.

WHEREFORE, Defendants give notice that the above-action now pending against

them in the Circuit Court of Tallapossa County, Alabama is removed therefrom to this

Court.

_Elizabeth Jackson_

Elizabeth Jackson (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)
Attorney for Defendant Fred's Stores of
Tennessee, Inc.

**OF COUNSEL:**
CARR ALLISON
100 Vestavia Parkway, Suite 200
Birmingham, Alabama  35216
(205)822-2006

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing pleading upon
all counsel of record in this cause by placing a copy of same in the United States mail,
postage prepaid, addressed as follows on this the _8_ day of _December_ ,
2005:

Timothy B. Davis, Esq.
DAVIS & DAVIS, L.L.C.
P. O. BOX 1778
5 Lee Street
Alexander City, AL 35011-1778

Cintas
6800 Cintas Blvd.
P. O. Box 625737
Cincinnati, OH 45262-5737

_Elizabeth Jackson_

OF COUNSEL

Exhibit

1

IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY
AT ALEXANDER CITY, ALABAMA

MARGARET TURNER WHETSTONE,    )
    Plaintiff,    )
        )
v.    )    CASE NO.: CV-05-246
FRED'S, INC.    )
and Fictitious parties    )
"A" and "B" intended to designate    )
those person(s), individual(s),    )
corporation(s) or entity(ies) who    )
caused or allowed the dangerous condition    )
to exist on the Fred's premises and/or    )
who caused or contributed to the injuries    )
sustained by the Plaintiff made    )
the basis of this lawsuit.    )
CINTAS CORPORATION,    )
and Fictitious parties    )
"C" and "D" intending to designate    )
those person(s), individual(s),    )
corporation(s) or entity(ies) who    )
are responsible for maintaining the entrance    )
mats and rugs in a clean, save and hazard    )
free condition and who acts or omissions    )
individually and/or jointly with other    )
defendants combined to proximately    )
cause the Plaintiff's injuries whose    )
true names are unknown at this time,    )
but will be amended once ascertained.    )
    Defendants.    )



## SUMMONS

**TO ANY SHERIFF, VIA CERTIFIED MAIL OR ANY PERSON AUTHORIZED BY RULE 4(a) (3) OF THE ALABAMA RULES OF CIVIL PROCEDURE TO EFFECT SERVICE IN THE STATE OF ALABAMA.**

You are hereby commanded to serve this summons and a copy of the complaint in this action upon the Defendant(s). Fred's Inc., 4300 New Getwell Road, Memphis, Tennessee, 38118

Said Defendant(s) is (are) required to serve a copy of a written answer to the complaint upon **Hon. Timothy B. Davis** of the firm of DAVIS & DAVIS, L.L.C., Post Office Box 1778, Alexander City, Alabama, 35011, Attorney for the Plaintiff(s), within **30** days from the date of service of this summons, excluding the day of service of the summons, and to file the original of said written answer with the Clerk of this Court at the time of service of the answer upon the Attorney of Record for the Plaintiff(s), or within a reasonable time thereafter. If any defendant fails to do so, a judgment by default may be entered against him for the relief complained of in the complaint.

_____
CLERK OF THE COURT

IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY
AT ALEXANDER CITY, ALABAMA

MARGARET TURNER WHETSTONE,       )
                                 )
        Plaintiff,               )
v.                               )        CASE NO.: CV-05-246
                                 )
FRED'S, INC.                     )
and Fictitious parties           )
"A" and "B" intended to designate )
those person(s), individual(s),  )
corporation(s) or entity(ies) who )
caused or allowed the dangerous condition )
to exist on the Fred's premises and/or )
who caused or contributed to the injuries )
sustained by the Plaintiff made  )
the basis of this lawsuit.       )
CINTAS CORPORATION,              )
and Fictitious parties           )
"C" and "D" intending to designate )
those person(s), individual(s),  )
corporation(s) or entity(ies) who )
are responsible for maintaining the entrance )
mats and rugs in a clean, save and hazard )
free condition and who acts or omissions )
individually and/or jointly with other )
defendants combined to proximately )
cause the Plaintiff's injuries whose )
true names are unknown at this time, )
but will be amended once ascertained. )
                                 )
        Defendants.              )



## COMPLAINT

## COUNT ONE

1.      On or about the 9th day of June, 2002, the defendants, Fred's Inc and/or

Fictitious Parties "A" and "B" owned and operated retail stores in the State of Alabama which

included a store located in Alexander City, Tallapoosa County, Alabama.

2.      On or about the 4th day of December 2003 Cintas Corporation and/or

Fictitious Parties "C" and "D" that supplied installed and maintained entrance and exit mats in the Fred's Inc. stores in the State of Alabama.

 3. On or about the 4th day of December 2003, while Margaret Turner Whetstone (hereinafter "Plaintiff") was an invitee upon the premises of the Defendants' store in Talladega County, Alabama, the Defendants Fred's Inc., Cintas Corporation and/or Fictitious Parties "A", "B", "C" or "D" (hereinafter "Defendants") breached the duty owed to the Plaintiff by: 1) Allowing or causing there to exist a dangerous condition upon the premises which was not open or obvious to the Plaintiff and which caused the premises not to be in a reasonably safe condition; 2) failed to routinely inspect and/or routinely perform maintenance on the fixtures and equipment on the premises to ensure that the fixtures and equipment on the premises did not present a dangerous or unsafe condition which could injury the plaintiff; 3) by providing defective fixtures and/or equipment which when installed upon the premises created a dangerous and unsafe condition, and/or, negligently installing in a defective manner fixtures and/or equipment upon the premises thereby creating a dangerous or unsafe condition; 4) while the premises was unsafe, the Defendants failed to warn of the hidden defects and dangers that were known to it or in the exercise of ordinary care, should have been known to it, but that were unknown or hidden to the Plaintiff; and 5) failing to exercise ordinary and reasonable care to remove the unsafe condition.

 4. Even though the Plaintiff exercised reasonable care in leaving the premises the Plaintiff was caused to trip and fall on the unsafe condition that existed on the premises.

 5. As a proximate cause and result of the negligent and/or wanton conduct of the Defendants, the Plaintiff, though exercising reasonable care, tripped on the dangerous condition, falling and causing bodily injury to herself, to-wit:

She fell upon her right knee; she was bruised, shocked and
knocked; she was made sore about her entire body; she
injured her right knee; she went to the emergency room for
emergency medical treatment; she has sought treatment from
medical physicians and will do so in the future; she
underwent a surgical procedure to repair the damage to her
knee; she has incurred medical bills and will do so in the
future; she was temporarily disabled; she was permanently
partially impaired; she has suffered physical pain and mental
anguish and will do so in the future; her ability to enjoy life
free of pain and without limitations has been forever
diminished; and she was otherwise damaged and injured.

WHEREFORE, the premises considered, the Plaintiff demands judgment against the

Defendants, jointly and severally, both for compensatory and punitive damages in an amount that

exceeds $10,000.00 and the cost of action.

Done this the _____9th_____ day of November 2005.

TIMOTHY B. DAVIS (DAV071)
Attorney for Plaintiff

OF COUNSEL:
DAVIS & DAVIS, L.L.C.
P.O. Box 1778
5 Lee Street
Alexander City, AL 35011-1778
Telephone: (256) 329-8100
Facsimile: (256) 329-8186

## JURY DEMAND

**COMES NOW THE PLAINTIFF NOT TO DEMAND TRIAL BY A STRUCK
JURY.**

TIMOTHY B. DAVIS (DAV071)

SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:

Fred's Inc.
4300 New Getwell Road
Memphis, Tennessee 38118

Cintas
6800 Cintas Blvd.
PO Box 625737
Cincinnati, OH 45262-5737

IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY
AT ALEXANDER CITY, ALABAMA

MARGARET TURNER WHETSTONE, )
 )
  Plaintiff, )
 )
v. ) CASE NO.: CV-05-$246$
 )
FRED'S, INC. )
and Fictitious parties )
"A" and "B" intended to designate )
those person(s), individual(s), )
corporation(s) or entity(ies) who )
caused or allowed the dangerous condition )
to exist on the Fred's premises and/or )
who caused or contributed to the injuries )
sustained by the Plaintiff made )
the basis of this lawsuit. )
CINTAS CORPORATION, )
and Fictitious parties )
"C" and "D" intending to designate )
those person(s), individual(s), )
corporation(s) or entity(ies) who )
are responsible for maintaining the entrance )
mats and rugs in a clean, save and hazard )
free condition and who acts or omissions )
individually and/or jointly with other )
defendants combined to proximately )
cause the Plaintiff's injuries whose )
true names are unknown at this time, )
but will be amended once ascertained. )
 )
  Defendants. )

## NOTICE TO CLERK OF FILING DISCOVERY

TO: Mr. Frank Lucas
  Tallapoosa County Circuit Clerk
  Alexander City, Alabama 35010

  Please take notice that the following discovery document(s) has been filed on behalf of the Plaintiff. PLEASE STAMP THE EXTRA COPY OF THIS NOTICE ENCLOSED WITH THE DATE FILED.

(X)    **Plaintiff's Request for Admissions, Request for Production of Documents and Interrogatories for Defendant, Fred's Inc.**

(X)    **Plaintiff's Request for Admissions, Request for Production of Documents and Interrogatories for Defendant, Cintas Corporation**

Respectfully submitted this the _____ day of November 2005.

_____
Timothy B. Davis (DAV071)
Attorney for Plaintiff

OF COUNSEL:
DAVIS & DAVIS, L.L.C.
5 Lee Street
Post Office Box 1778
Alexander City, Alabama 35011-1778
(256) 329-8100

**PLEASE SERVE WITH SUMMONS AND COMPLAINT**

IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY
AT ALEXANDER CITY, ALABAMA

MARGARET TURNER WHETSTONE,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v. .⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀CASE NO.: CV-05-2 ℓ ℓ
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
FRED'S, INC.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
and Fictitious parties⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
"A" and "B" intended to designate⠀⠀⠀⠀⠀)
those person(s), individual(s),⠀⠀⠀⠀⠀⠀⠀)
corporation(s) or entity(ies) who⠀⠀⠀⠀⠀⠀)
caused or allowed the dangerous condition⠀)
to exist on the Fred's premises and/or⠀⠀⠀)
who caused or contributed to the injuries⠀⠀)
sustained by the Plaintiff made⠀⠀⠀⠀⠀⠀)
the basis of this lawsuit.⠀⠀⠀⠀⠀⠀⠀⠀⠀)
CINTAS CORPORATION,⠀⠀⠀⠀⠀⠀⠀⠀)
and Fictitious parties⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
"C" and "D" intending to designate⠀⠀⠀⠀)
those person(s), individual(s),⠀⠀⠀⠀⠀⠀⠀)
corporation(s) or entity(ies) who⠀⠀⠀⠀⠀⠀)
are responsible for maintaining the entrance⠀)
mats and rugs in a clean, save and hazard⠀)
free condition and who acts or omissions⠀⠀)
individually and/or jointly with other⠀⠀⠀)
defendants combined to proximately⠀⠀⠀⠀)
cause the Plaintiff's injuries whose⠀⠀⠀⠀)
true names are unknown at this time,⠀⠀⠀)
but will be amended once ascertained.⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Defendants.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)

### REQUEST FOR ADMISSIONS TO DEFENDANT, FRED'S INC.

COMES NOW the Plaintiff in the above-styled cause to propound these requests upon

the Defendants to admit or deny each of the following:

⠀⠀⠀⠀1.⠀⠀⠀⠀That on or about the 4th day of December, 2003, Margaret Turner Whetstone was

a patron, customer or shopper at the Fred's Inc. Store in Sylacauga, Alabama.

⠀⠀⠀⠀2.⠀⠀⠀⠀That as a patron, customer or shopper, the Plaintiff, Margaret Turner Whetstone,

was an invitee upon the premises at the Fred's Inc. Store in Sylacauga, Alabama.

3.    That on or about the 4th day of December, 2003, the Fred's Inc. Store was the invitor and as such owed a duty to Margaret Turner Whetstone to keep its premises in a reasonably safe condition, and, if the premises was unsafe, to warn of hidden defects and dangers that were known to it, but that were unknown or hidden to the Plaintiff.

4.    That it was reported to you that Margaret Turner Whetstone tripped and fell on the premises on or about the 4th day of December, 2003.

5.    That as a result of the fall on the premises on or about the 4th day of December, 2003, Margaret Turner Whetstone was required to seek emergency medical treatment and was otherwise injured.

6.    That the medical treatments and medical charges from Russell Medical Center for the injuries the Plaintiff received as a result of the fall on the Fred's Inc. premises on or about the 4th day of December, 2003 were necessary, reasonable and comparable for physicians and medical facilities East Central Alabama area.

7.    That the medical treatments and medical charges from Dr. Graham Howorth for the injuries the Plaintiff received as a result of the fall on the Fred's Inc. premises on or about the 4th day of December, 2003 were necessary, reasonable and comparable for physicians and medical facilities in East Central Alabama area.

8.    That the medical treatments and medical charges from Baptist Coosa Valley for the injuries the Plaintiff received as a result of the fall on the Fred's Inc. premises on or about the 4th day of December, 2003 were necessary, reasonable and comparable for physicians and medical facilities in East Central Alabama area.

9.    That the medical treatments and medical charges from Lake Martin Physical

Therapy for the injuries the Plaintiff received as a result of the fall on the Fred's Inc.

premises on or about the 4th day of December, 2003 were necessary, reasonable and

comparable for physicians and medical facilities in East Central Alabama area.

10.     Fred's Inc has a contract with Cintas Corporation to supply, install and maintain

entrance and exit doorway floor mats in its Alabama stores, which included Sylacauga

and Alexander City, Alabama stores.

11.     Fred's Inc has a store and otherwise does retail sales business through its agents,

servants and employees in Alexander City, Tallapoosa County, Alabama.

12.     The location of the Fred's Inc store in Alexander City is Cherokee Road,

Alexander City, Tallapoosa County, Alabama.

13.     The Fred's Inc store in Alexander City operates under a business licenses issued

by the City of Alexander City in Tallapoosa County, Alabama.

14.     As a foreign corporation doing business in Alexander City, Tallapoosa County,

Alabama Fred's Inc pays City of Alexander City sales tax, Tallapoosa County sales tax as

well as State of Alabama sales tax.

Respectfully submitted this the ____9th____ day of November 2005.

TIMOTHY B. DAVIS (DAV 071)
Attorney for Plaintiff

OF COUNSEL:
DAVIS & DAVIS, L.L.C.
5 Lee Street
Post Office Box 1778
Alexander City, Alabama 35011-1778
(256) 329-8100

**PLEASE SERVE WITH SUMMONS AND COMPLAINT**

IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY
AT ALEXANDER CITY, ALABAMA

| | | |
|---|---|---|
| MARGARET TURNER WHETSTONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: CV-05-246 |
| | ) | |
| FRED'S, INC. | ) | |
| and Fictitious parties | ) | |
| "A" and "B" intended to designate | ) | |
| those person(s), individual(s), | ) | |
| corporation(s) or entity(ies) who | ) | |
| caused or allowed the dangerous condition | ) | |
| to exist on the Fred's premises and/or | ) | |
| who caused or contributed to the injuries | ) | |
| sustained by the Plaintiff made | ) | |
| the basis of this lawsuit. | ) | |
| CINTAS CORPORATION, | ) | |
| and Fictitious parties | ) | |
| "C" and "D" intending to designate | ) | |
| those person(s), individual(s), | ) | |
| corporation(s) or entity(ies) who | ) | |
| are responsible for maintaining the entrance | ) | |
| mats and rugs in a clean, save and hazard | ) | |
| free condition and who acts or omissions | ) | |
| individually and/or jointly with other | ) | |
| defendants combined to proximately | ) | |
| cause the Plaintiff's injuries whose | ) | |
| true names are unknown at this time, | ) | |
| but will be amended once ascertained. | ) | |
| | ) | |
| Defendants. | ) | |

## REQUEST FOR PRODUCTION OF DOCUMENTS
## TO DEFENDANT, FRED'S INC.

Comes now the Plaintiff in the above-styled cause to request that the Defendant produce

the following at the office of Timothy B. Davis, DAVIS & DAVIS, LLC, 5 Lee Street, Post

Office Box 1778, Alexander City, Alabama 35011-1778:

1.  Please provide a true and correct copy of any and all incident or accident reports regarding the fall and injury of the Plaintiff on the premises of the Defendants on the day of the accident made the basis of this lawsuit.

2.  Please provide a true and correct list of the names, addresses and telephone numbers of any and all employees present at the Sylacauga Fred's Inc. store at the time of the accident made the basis of this lawsuit.

3.  Please provide a true and correct copy of any and all reports or statements given by any of the Fred's Inc. employees with regard to the incident made the basis of this lawsuit.

4.  Please provide a true and correct copy of any and all documents, papers, memorandums, e-mails, correspondence, or any other communications of any kind between Fred's Inc. Sylacauga store and the Fred's Inc. home office with regard to this incident made the basis of this lawsuit.

5.  Please produce a certificate of insurance with declaration sheet provided to Fred's Inc. by the independent contractor, who supplied, installed and/or maintained the entrance and exit doorway floor mats in the Sylacauga, Alabama store, which would list the policy limits or would otherwise produce proof of insurance coverage.

6.  Please produce any copies of any communication, correspondence, emails, inter office memos, memorandums or other documents of papers transmitted, mailed, emailed or communicated between Cintas Corporation and you regarding any of your Alabama stores in the year 2003.

7.  Please produce a copy of any and all contract agreements between you and Cintas Corporation.

3.    Please produce any owner's manuals, procedural manuals, maintenance manuals, document and procedural manuals or any other product or installation material regarding any fixtures or equipment supplied to you by Cintas Corporation including but not limited to information regarding the entrance and exit doorway floor mats.

9.    Please produce certified copies of any and all insurance contracts or policies of insurance that would or possibly could provide coverage to you whether it be liability, umbrella, excess or other insurance.

Respectfully submitted this the ____9th____ day of November 2005.

_____
TIMOTHY B. DAVIS (DAV071)
Attorney for Plaintiff

OF COUNSEL:

DAVIS & DAVIS, L.L.C.
5 Lee Street
Post Office Box 1778
Alexander City, Alabama 35011-1778
(256) 329-8100

**PLEASE SERVE WITH SUMMONS AND COMPLAINT**

IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY
AT ALEXANDER CITY, ALABAMA

MARGARET TURNER WHETSTONE,   )
   )
       Plaintiff,   )
   )
v.   )   CASE NO.: CV-05-2 7 6
   )
FRED'S, INC.   )
and Fictitious parties   )
"A" and "B" intended to designate   )
those person(s), individual(s),   )
corporation(s) or entity(ies) who   )
caused or allowed the dangerous condition   )
to exist on the Fred's premises and/or   )
who caused or contributed to the injuries   )
sustained by the Plaintiff made   )
the basis of this lawsuit.   )
CINTAS CORPORATION,   )
and Fictitious parties   )
"C" and "D" intending to designate   )
those person(s), individual(s),   )
corporation(s) or entity(ies) who   )
are responsible for maintaining the entrance   )
mats and rugs in a clean, save and hazard   )
free condition and who acts or omissions   )
individually and/or jointly with other   )
defendants combined to proximately   )
cause the Plaintiff's injuries whose   )
true names are unknown at this time,   )
but will be amended once ascertained.   )
   )
       Defendants.   )

## PLAINTIFF'S FIRST AND CONTINUING INTERROGATORIES TO DEFENDANT FRED'S, INC.

Comes now the Plaintiff and propounds the following interrogatories to the Defendant to be answered within forty-five (45) days from the date of service in accordance with the Alabama Rules of Civil Procedure:

In answering these interrogatories, you are required to furnish all information available to you, including information in the possession of your attorney or any person acting on behalf, and

not merely such information as is known to you or to which you have personal knowledge. If you cannot answer any particular interrogatory in full, after exercising due diligence to secure the information sought, so state in your answer to the extent possible, specifying your inability to answer the remainder.

You are reminded that under the Alabama Rules of Civil Procedure, you are under a duty to supplement your response with respect to any question addressed to (a) the identity and location of persons having knowledge of discoverable matter, and (b) identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify and the substance of his testimony.

You are under a duty to seasonably amend a prior response if you obtain information upon the basis of which (a) you know that the response was incorrect when made, or (b) you know that the response, though correct when made, is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

Any supplemental responses to be filed and served upon counsel for the Plaintiffs within fifteen (15) days after receipt of such information.

All documents produced in response to these requests shall be produced at the offices of Davis & Davis, L.L.C., 5 Lee Street, Post Office Box 1778, Alexander City, Alabama 35011, during normal business hours.

1.      Do you contend that you are not guilty of negligent or wanton conduct in causing the accident made the basis of this suit? If so, please state in detail and specifically the basis of your contention that you are "not guilty" and state all facts and/or evidence upon which you base your contention.

2.      Please state the legal and proper name of Fred's Inc.

3.    Do you contend that the Plaintiff contributed to the accident? If so, please state in detail and specifically the basis of your contention that she contributed to the accident and state all facts and/or evidence upon which you base your contention.

4.    Was the owner, any manager or supervisor or any other employee of Fred's, Inc. notified about the incident made the basis of this lawsuit?

5.    If your answer to Interrogatory number 4 is in the affirmative, then state the name, title, business address, home address, business telephone number and home telephone number of the individual that was notified as to the incident made the basis of this lawsuit.

6.    Please state whether there was any action that Fred's Inc. could have taken to avoid the incident made the basis of this lawsuit.

7.    Please state the name, home address, business address, home telephone number and business telephone number of the individual answering these Interrogatories and in what capacity they are employed with the Defendant.

8.    Do you rely upon statutes, codes, standards, regulations, rules, tests, treatise or other written material to support any of the defenses? If so, list said documents and the appropriate section or page number upon which you rely.

9.    Have you discussed, taken statements, interviewed, or corresponded with anyone in any way associated with this incident, to include the parties, witnesses, law enforcement officers, medical personnel, or family members of the parties or witnesses. If so, please state in detail the substance of these discussions, interviews, or provide us with copies of any statements or correspondence with any of these individuals.

10.   Did you know of any persons who witnessed the accident? If so, please state their name address and phone number.

11.    At the time of the accident, did you have liability insurance, as required by Alabama State law? If so, please state the following:

    a.    The name, address and telephone number of your liability insurance carrier;

    b.    The policy number of your liability insurance;

    c.    The claim number assigned to this accident or claim; and

    d.    The policy limits of your liability insurance.

12.    Pursuant to *Rule 23, A.R.Civ.P.*, please produce the name, occupation, business address, private address, business phone number, and private phone number of any expert you plan to call or could plan to call to testify in this case, giving further:

    a.    Any expert opinion he/she may offer;

    b.    His/Her educational background, experience, and expertise which would qualify him/her as an expert to give an opinion;

    c.    Any reports, tests, treatises, studies or evidence upon which he/she would rely in forming an opinion; and

    d.    A copy of his/her curriculum vitae.

13.    Please state the conditions of the doorway where the Plaintiff tripped and injured herself made the basis of this lawsuit.

14.    Please state each and every slip and fall incident that has been reported to Fred's Inc. and the outcome of each said incident.

15.    Please state Fred's Inc. relationship with Defendant Cintas Corporation.

16.    Please state Fred's Inc. legal and proper name, the address of its home office, the telephone number of its home office, and the state in which it a corporation.

17.    With the regard to the entrance and exit doorway floor mats in the Sylacauga store in the year 2003 please state whether you owned or leased these doorway floor mats.

18.    If the entrance and exit doorway floor mats were leased, please give the name, address, phone number and contact person for the company, corporation or entity from whom these floor mats were lease.

19.    With the regard to the entrance and exit doorway floor mats in the Sylacauga store in the year 2003, please state the name, address, phone number and contact person for the company, corporation or entity reasonable for the maintenance, cleaning and installation and/or placement of the mats in the Sylacauga store.

20.    With the regard to the entrance and exit doorway floor mats in the Sylacauga store in the year 2003, please state how often and upon what schedule these floor mats were cleaned, maintained, replaced and reinstalled and/or placed upon the premises.

21.    With the regard to the entrance and exit doorway floor mats in the Sylacauga store in the year 2003, please state the amount of the rental cost and the maintenance and cleaning charges for said floor mats.

Done this the _____ 9ᵗʰ _____ day of November 2005.

TIMOTHY B. DAVIS (DAV071)
Attorney for Plaintiff

OF COUNSEL:
DAVIS & DAVIS, L.L.C.
P.O. Box 1778
Alexander City, AL 35011
Telephone: (256) 329-8100
Facsimile: (256) 329-8186

**PLEASE SERVE WITH SUMMONS AND COMPLAINT**

Exhibit

2

IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY
AT ALEXANDER CITY, ALABAMA

| | | |
|---|---|---|
| MARGARET TURNER WHETSTONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NUMBER: |
| v. | ) | |
| | ) | 2005-246 |
| FRED'S INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

### AFFIDAVIT OF BRADLEY D. MCADORY

1.    My name is Bradley D. McAdory, and I am above the age of nineteen (19) years. I am Assistant General Counsel for Fred's Stores of Tennessee, Inc. (wrongfully named Fred's, Inc. in this lawsuit).

2.    This Affidavit is given in support of a Petition of Removal filed by Fred's Stores of Tennessee, Inc. in the matter brought against it by Margaret Whetstone.

3.    In May, 2004, I received a letter from Ms. Whetstone's attorney, Timothy Davis, making a settlement offer of one hundred fifty thousand dollars ($150,000.00) on behalf of the plaintiff.  The letter was dated May 14, 2004.

4.    The letter stated that the plaintiff would institute legal proceedings against Fred's if it did not accept the offer, and would ask for damages in excess of one hundred fifty thousand dollars ($150,000.00).

_____
Bradley D. McAdory

STATE OF TENNESSEE )
COUNTY OF SHELBY   )

On this the 1st day of December, 2005, before me a Notary Public, within and for said county and state, personally appeared Bradley D. McAdory,  to me known to be the identical person described in and who executed the foregoing instrument, and acknowledged that the same is true, and that after reading the same or having the same read to him, and with a full understanding of the terms and the effect thereof, executed the same as his free act and deed and for the purposes therein expressed.

Notary Public _____
My commission expires: _____

## Answers to Complaints
3:05-cv-01171-MEF-SRW Whetstone v. Fred's, Inc. et al



**DEFENDANT'S EXHIBIT**

_N_

### U.S. District Court

### Alabama Middle District

Notice of Electronic Filing

The following transaction was received from Sullivan, Carroll Hart entered on 12/13/2005 at 3:35 PM CST and filed on 12/13/2005
**Case Name:**    Whetstone v. Fred's, Inc. et al
**Case Number:**   3:05-cv-1171
**Filer:**    Cintas Corporation
**Document Number:** 1

**Docket Text:**
ANSWER to Complaint by Cintas Corporation.(Sullivan, Carroll)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1053018227 [Date=12/13/2005] [FileNumber=459090-0
] [5bb32a464dcdfa20dfa48814fe68cd14009f8bf9bd8fc382d213b863a0708e3a363
48eaa9b93e3065fef7690ae14bee41a38e31e52943da55eab4e3119afda7c]]

**3:05-cv-1171 Notice will be electronically mailed to:**

Timothy Bledsoe Davis    ltdavis@bellsouth.net, jwelcher@bellsouth.net

Elizabeth Jackson    enj@carrallison.com

**3:05-cv-1171 Notice will be delivered by other means to:**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARGARET WHETSTONE,                )
                                   )
        Plaintiff,                 )
                                   )    Case No.: 3:05cv1171-F
v.                                 )
                                   )
FRED'S STORES OF                   )
TENNESSEE, INC., CINTAS CORP., et al.  )
                                   )
        Defendants.                )

## ANSWER

COMES NOW Cintas Corp., a Defendant in the above-styled cause, and responds to the Plaintiff's complaint as follows, to-wit:

1.      Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 1, Count One, of the Plaintiff's complaint and, therefore, denies same.

2.      Defendant denies the allegations contained in paragraph 2, Count One, of the Plaintiff's complaint and demands strict proof thereof.

3.      Defendant denies the allegations contained in paragraph 3, Count One, of the Plaintiff's complaint and demands strict proof thereof.

4.      Defendant denies the allegations contained in paragraph 4, Count One, of the Plaintiff's complaint and demands strict proof thereof.

5.      Defendant denies the allegations contained in paragraph 5, Count One, of the Plaintiff's complaint and demands strict proof thereof.

6.      Defendant denies the allegations contained in the first unnumbered paragraph which begins with "WHEREFORE" and demands strict proof thereof.

## FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendant is not guilty of the allegations made against it; therefore, Plaintiff ought not recover.

## THIRD DEFENSE

Defendant is not the proper party.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff was contributorily negligent.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff assumed the risk.

## THIRD AFFIRMATIVE DEFENSE

The condition alleged by the Plaintiff in her complaint was open and obvious.

## FOURTH AFFIRMATIVE DEFENSE

Defendant denies that it has been guilty of any conduct which entitles the Plaintiff to recover punitive damages.

## FIFTH AFFIRMATIVE DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case would be in violation of the constitutional safeguards provided to Defendant under the Constitution of the State of Alabama.

## SIXTH AFFIRMATIVE DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case would be in

violation of the constitutional safeguards provided to the Defendant under the Constitution of the United States of America.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case would be in violation of the constitutional safeguards provided to Defendant under the Due Process clause of the Fourteenth Amendment to the Constitution of the United States of America in that punitive damages are vague and are not rationally related to the legitimate government interest.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case would be in violation of Article I, Section 6, of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

## NINTH AFFIRMATIVE DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case would be in violation of the procedural safeguards provided to Defendants under the Sixth Amendment of the Constitution of the United States of America in that punitive damages are penal in nature, and consequently, Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

## TENTH AFFIRMATIVE DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case would be in violation of the Self-Incrimination Clause of the Fifth Amendment of the Constitution of the United States of America since to impose punitive damages against it, which are penal in nature, would

compel it to disclose potentially incriminating documents and evidence.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case would be in violation of Article I, Section 15, of the Constitution of the State of Alabama, in that the damages would be an excessive fine.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages on its face and/or as applied, violate Article I, Section 10, and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, separately and severally, of the Constitution of the United States and Article I, Sections 6, 11, 13, 15, and 22 of the Constitution of Alabama, separately and severally, on each of the following separate and several grounds:

(a)   The present Alabama procedures fail to provide sufficiently objective and specific standards by which juries may award punitive damages against these Defendants for the same alleged act of wrongdoing.

(b) The present Alabama procedures fail to provide constitutional, sufficiently objective and specific standards by which juries may award judgments.

(c) The present Alabama procedures fail to provide a constitutional and reasonable limit on the amount of the award against these Defendants.

(d) The present Alabama procedures permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(e)   The present Alabama procedures fail to provide a sufficiently clear, objective and consistent appellate standard of review of an award of punitive damages.

(f)   The present Alabama procedures may permit the admission of evidence relative to

4

punitive damages in the same proceedings during which liability is determined.

(g) The standards of conduct upon which punitive damages are sought are unconstitutionally vague.

(h) The present Alabama procedures do not allow for the jury to be instructed to adhere to any ascertainable standard or apply any specified sets of factors, and, accordingly, no appellate court can subsequently determine whether the jury improperly applied or ignored any standard or set of factors.

(i) The availability of punitive damages, which are penal in nature, against a civil defendant upon plaintiff satisfying a burden of proof which is less than that required in criminal cases is constitutionally deficient.

(j) The present Alabama procedures fail to provide a meaningful procedure for challenging the excessiveness of an award of punitive damages.

(k) The award of or extra-contractual damages on the basis of vicarious liability for the conduct of others violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution as well as the Alabama Constitutional provisions set forth above.

(l) It is improper and unconstitutional to assess punitive damages and derivative or attributed liability, such as respondeat superior liability.

(m) The present Alabama procedures fail to provide protection against an excessive amount of punitive damages.

(n) The present Alabama procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts or degrees of wrongdoing or culpability.

(o) The current Alabama procedures permit the imposition of substantially different

5

punishments for the same and similar conduct.

(p)  The current Alabama procedures permit the impairment of obligations to contracts.

(q)  The current Alabama procedures do not require the bifurcation of the trial so that the punitive damages issue may be heard separately.

(r)  The current Alabama procedures permit the imposition of multiple punishments for the same alleged act of wrongdoing.

(s)  The current Alabama procedures prohibit the jury from hearing the same evidence and deciding the issue of remittitur which is now under the sole province of the trial court.

(t)  The current Alabama procedures permit the imposition of punitive damages and the enforcement of the same against one defendant when, in fact, multiple defendants have been found culpable.

## THIRTEENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case could violate the equal protection clause of the Fifth and Fourteenth Amendments to the United States Constitution, separately, and would deprive Defendant of the right to equal protection under the law as provided in Article I, Section 6, of the Alabama Constitution because, among other reasons, criminal defendants are placed in a position of distinct advantage over civil defendants of comparable culpability due to the disparity in punitive treatment for similar conduct and because the absence of sufficiently specific and objective standards for the imposition of punitive damages fails to ensure equality of treatment between and among similarly situated civil defendants in the same case or in different cases.

## FOURTEENTH AFFIRMATIVE DEFENSE

The present Alabama procedures pursuant to which punitive damages are awarded permit

6

the imposition of punitive damages in excess of the maximum criminal fine of the same or similar

conduct, which thereby infringes upon the due process and equal protection provision of the Alabama

and United States Constitutions.

CARROLL H. SULLIVAN (SULL8646)
GEORGE M. ZOGHBY (ZOGH4188)
Attorneys for Cintas Corp.

**OF COUNSEL:**
SCOTT, SULLIVAN, STREETMAN & FOX, P.C.
Post Office Box 1034
Mobile, Alabama 36633
(251) 433-1346

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of December, 2005, I have electronically filed the
foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such
filing to the following counsel:

Timothy B. Davis, Esq.
DAVIS & DAVIS, L.L.C.
P. O. BOX 1778
5 Lee Street
Alexander City, AL 35011-1778

Elizabeth Jackson, Esquire
CARR ALLISON
100 Vestavia Parkway, Suite 200
Birmingham, Alabama 35216

and by placing a copy of same in the United States mail, postage prepaid, addressed as follows:

Timothy B. Davis, Esq.
DAVIS & DAVIS, L.L.C.
P. O. BOX 1778
5 Lee Street
Alexander City, AL 35011-1778

OF COUNSEL