## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| MARGARET WHETSTONE, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 3:05cv1171-MEF-SRW |
| FRED'S STORES OF TENNESSEE, INC., CINTAS CORPORATION, et al., | ) |
| Defendants. | ) |

### RESPONSE TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

COMES NOW the Plaintiff, Margaret Whetstone, in response to Defendant's Motion in Opposition to Remand and states that 28 U.S.C. § 1446(a) requires that each Defendant file a Notice of Removal, either independently or by unambiguously joining in or consenting to another Defendant's Notice, within the thirty (30) days following service of process. Because the filing requirements contained 28 U.S.C. § 1446(a) are mandatory, there is no federal jurisdiction due to Defendant's, Cintas Corporation, failure to join in, file its own, or officiously and unambiguously consent to Fred's Stores of Tennessee, Inc. removal and Petition within thirty (30) days of service.

Accordingly, there being no federal jurisdiction this cause of action is due to be remanded to the Circuit Court of Tallapoosa County at Alexander City, Alabama. As further grounds in support of the Plaintiff's position she would offer the following:

### CASE HISTORY

1. On or about November 9th 2005 the Plaintiff, Margaret Whetstone (hereinafter referred to as the "Plaintiff") filed a civil action in the Circuit Court of Tallapoosa County,

Alabama against Fred's Stores of Tennessee, Inc. (hereinafter referred to as "Fred's") and Cintas Corporation (hereinafter referred to as "Cintas").

2. Fred's was served on November 14th 2005 and Cintas was served on November 15th 2005. See Exhibit "A" and "B"

3. 28 U.S.C. § 1446(a) required that Fred's and Cintas each file a Notice of Removal, either independently or by unambiguously joining in or consenting to another Defendant's Notice, within the thirty (30) days of service of process, to-wit: December 14th for Fred's and December 15th for Cintas.

4. Rule 7(b)(3) and Rule 11(a) of the *Fed. R. Civ. P.* require that each Notice of Removal, or Notice to join in or consent to removal shall be *signed* by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party.

5. The Eleventh Circuit in *Newman v. Spectrum Stores, Inc.* 109 F. Supp 2d 1342 (M.D. Ala. 2000) mandates that an intention to join in or consent to removal must be made by a "timely filed written indication" that a defendant has actually consented to the removal.

6. On or about December 8th 2005 Fred's filed its Notice of Removal in the Circuit Court of Tallapoosa County at Alexander City, Alabama. In accordance with Rule 11 of the *Fed. R. Civ. P.* the notice was signed by Elizabeth Jackson, attorney for Fred's. On the second page of the document there was a certificate of service also dated December 8th 2005 verifying service to Timothy B. Davis (attorney for Plaintiff) and Cintas Corporation, Co-Defendant in the Complaint. See Exhibit "C"

7. On or about December 8th 2005 Fred's filed a Petition of Removal in the United States District Court for the Middle District of Alabama. On page seven (7) of the Petition the

Petition was signed by Elizabeth Jackson (attorney for Fred's).  Signature page also bore a certificate of service dated December 8th 2005 with service upon Timothy B. Davis (attorney for Plaintiff) and Cintas Corporation (co-defendant in this civil action).  The certificate of service was signed by Elizabeth Jackson.  See Exhibit "D"

8. On or about December 19th 2005 Fred's electronically filed an Answer to the Complaint which was signed on page two (2) by electronic signature Elizabeth Jackson attorney for Fred's Pharmacy.  Same bore a certificate of service to Stewart G. Granger, Esquire, Birmingham, Alabama.  The certificate of service was signed electronically by Elizabeth Jackson.  The certificate of service did not certify that a copy had been mailed to Timothy B. Davis (attorney for Plaintiff) or to Cintas Corporation (co-defendant).  See Exhibit "E"

9. On or about December 29th 2005 the Plaintiff filed her Motion for Remand for Procedural Defect.  See Exhibit "F"

## ARGUMENT

10. The Defendant, Cintas failed to comply with the mandatory procedural requirements as set forth in 28 U.S.C. 1446(a) in that it failed to file a Notice of Removal independently and/or it failed to officiously and unambiguously join in or consent to Fred's removal.  Rule 11, *Fed. R. Civ. P.* further requires that any Consent to Removal, Notice of Removal, or other pleading, motion or paper be signed by either Cintas, as a party defendant or by the attorney of record for Cintas in that attorney's individual name.  The statue clearly requires that the filing be timely made within thirty (30) days of service of process.  In this case Cintas had until December 15th 2005 to file its own Notice of Removal or until December 14th 2005 to file a Consent to Removal joining in Fred's Notice of Removal.  Cintas did neither.

11.     The Defendants now try to rewrite history.  They claim that their "intention" was to file a Joint Notice of Removal and Joint Petition of Removal.  Each such petition would have required the signature of Elizabeth Jackson for Fred's and George Zoghby for Cintas.  The Notice of Removal which was filed by Elizabeth Jackson on behalf of Fred's was signed solely by Ms. Jackson on behalf of Fred's.  This was an original signature by Ms. Jackson which was signed in her own hand.  Additionally, the certificate of service to Mr. Davis and to Cintas Corporation was signed and dated by Ms. Jackson.

12.     The signature of an attorney upon a document is required under Rule 11(a) and is a representation to this court that said attorney certifies to the best of her knowledge, information and belief, formed after inquiry reasonable under the circumstances, is not being presented for any improper purpose.  This requirement under the rule is made to ensure that before any motion or petition is filed with the court that said motion or petition was authored and read by the attorney and that the contentions contained therein were intended by the attorney and correctly made.

13.     The attorney for Cintas was under the obligation to independently file his Notice of Removal or to send a signed written consent to the removal to the attorneys for Fred's to be attached with its Notice of Removal.  It is undisputed that Cintas failed to do so as required by 28 U.S.C. 1446(a) and Rule 11 of the *Fed. R. Civ. P.*.

14.     On January 4th 2006, more than thirty (30) days after Fred's was first served on November 14th, Fred's and Cintas filed their "Substituted Joint Petition of Removal" the certificate of service which is dated the 29th day of December 2005.  This petition is signed by Elizabeth Jackson and George Zoghby.

15.     As stated in our Motion for Remand the Plaintiff contends that the case of *Newman v. Spectrum Stores, Inc.* 109 F. Supp 2d 1342 (M.D. Ala. 2000) is directly controlling on this issue.

4

In the *Newman* case, the court remanded a case where, as here, a defendant filed a timely notice of removal, but the other defendant failed to file a "timely filed written indication" that it had actually consented to the removal.

> The *Newman* court first reviewed the standard for remand, stating the following:
>
> Federal courts are courts of limited jurisdiction… As such federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States… Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear... courts, which include the Fifth Circuit Court of Appeals. *See, Getty Oil Corp. [Div of Texaco, Inc. V. Insurance Co. of North Am.]*, 841 F 2d [1254] at 1262, n. 11 [5th Cir. 1988]. In its timely Notice of Removal, Protective Life informs that court that "[a]ll named and served Defendant have consented to and join in the removal of this action…" Notice of Removal at ¶ 1. *This filing was inadequate as to Spectrum... A consent to removal must be filed within thirty days after the first defendant is served.* Protective Life was served on May 3, 2000, sixty-nine days before Spectrum's Consent to Removal was filed. Neither the later filed consent nor the later assertion by counsel that the statement included in the Notice of Removal was authorized can cure the defect. Consequently, the unanimity rule has been violated.

*Newman*, 109 F. Supp. 2d at 1346. (Emphasis added.)

16.   Applying the standard set forth in *Newman*, the Notice of Removal filed by Fred's was inadequate as to Cintas. Cintas' Consent to Removal had to have been filed within thirty (30) days after Fred's was served. Fred's was served on November 14th 2005, forty-six (46) days before Cintas filed its Joint Notice of Removal with Fred's. Neither the later filed a Joint Notice of Removal nor the later assertion by counsel that the attorneys had worked together with the intention of filing a Joint Notice of Removal can cure the procedural defect. See *Newman*, supra. The requirements under 28 U.S.C. 1446(a) are mandatory. Further the Eleventh Circuit in *Newman,* mandates that an intention to join in or consent to removal must be made by a "timely filed written indication" that Cintas has actually consented to the removal.

WHEREFORE, THE PREMISES CONSIDERED, there is no federal jurisdiction due to the procedural defect and the case is due to be remanded to the Circuit Court of Tallapoosa County, Alabama.

Respectfully submitted on this the 9th day of January, 2006.

s/ Timothy B. Davis
TIMOTHY B. DAVIS (DAV071)
Attorney for Plaintiff

OF COUNSEL:

DAVIS & DAVIS, LLC
Post Office Box 1778
Alexander City, AL 35011-1778
Telephone: (256) 329-8100
Facsimile: (256) 329-8186

## CERTIFICATE OF SERVICE

I hereby certify that on this the 9th day of January 2006, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel:

Carroll H. Sullivan
George M. Zoughby
Scott Sullivan Streetman & Fox, PC
Post Office Box 1034
Mobile, AL 3663

Elizabeth Jackson
Carr Allison
100 Vestvia Parkway, Ste 200
Birmingham, AL 35216

s/ Timothy B. Davis
OF COUNSEL
