IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARGARET WHETSTONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:05-cv-1171-MEF |
| ) | (WO) |
| FRED'S STORES OF ) | |
| TENNESSEE, INC., *et. al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

On November 9, 2005, Plaintiff Margaret Whetstone brought suit in the Circuit Court of Tallapoosa County at Alexander City, Alabama alleging that Defendants Fred's Stores of Tennessee, Inc. (hereinafter "Fred's") and Cintas Corporation (hereinafter "Cintas") breached a duty owed to Plaintiff as an invitee of their store located in Talladega County, Alabama. A Petition for Removal was filed by Fred's on December 8, 2005. On December 28, 2005, Plaintiff filed the Motion to Remand for Procedural Defect currently before the Court (Doc. # 7). Plaintiff alleges that the Petition of Removal is procedurally defective because it is not signed by counsel for Cintas, nor did Cintas file a separate consent to removal.

### **I. Jurisdiction and Remand Standard**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983). As

such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *Kokkonen*, 511 U.S. at 377.

When a case is originally filed in state court, a party may remove it if the case originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a). However, within 30 days after the filing of the notice of removal, the non-removing party may move for remand on the basis of a defect other than lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). Courts must strictly construe the procedural requirements of the removal statute; failure to comply with the requirements generally constitutes adequate grounds for remand. *Newman v. Spectrum Stores, Inc.*, 109 F. Supp.2d 1342, 1345 (M.D. Ala. 2000)

## II.  Facts and Procedural History

Plaintiff originally filed this action in the Circuit Court of Tallapoosa County at Alexander City, Alabama on November 9, 2005. Defendant Fred's was served on November 14, 2005 and Defendant Cintas was served on November 15, 2005. A Petition for Removal was filed by Fred's on December 8, 2005. The introduction to the Petition states that Defendants Fred's Stores of Tennessee and Cintas join in the petition. The Petition also makes several references to the "Defendants," such as "Defendants file" and "Defendants assert." Nonetheless, the Petition was not signed by counsel for Cintas, nor did Cintas file a separate consent to removal. Cintas did, however, file a separate Answer to the Complaint on December 13, 2005. The Answer does not mention the Petition for Removal, nor does it expressly consent to removal. On January 4, 2006, the parties filed an amended

Joint Petition for Removal which includes the signatures of both parties.

Defendants claim that Fred's and Cintas worked together to prepare the Petition for Removal. Counsel for Fred's prepared the Petition for Removal, then forwarded it to counsel for Cintas for review on December 1, 2005. Upon review, counsel for Cintas made revisions, added a signature line, signed the revised documents, and forwarded them to counsel for Fred's. However, due to a clerical error, the Petition for Removal filed on December 9, 2005 was a draft copy which did not include the signature page with both parties' signatures.

### III. Discussion

Plaintiffs request that the Court remand this case to the Circuit Court of Tallapoosa County at Alexander City because all Defendants have not timely consented to the removal of this action. Defendants claim that the references to both Defendants in the Petition for Removal demonstrate Cintas' consent to removal. Defendants further claim that Cintas' filing of its Answer constituted unambiguous consent to the jurisdiction of this Court, and therefore to removal. Alternatively, if the Court finds that Cintas' consent to removal was untimely, Defendants request that the court allow the Defendants to amend the Petition of Removal to include the signature of Cintas' counsel.

It is well-settled that a case may not be removed unless all defendants consent to the removal. *Chicago R.I. & P. Ry. v. Martin*, 178 U.S. 245, 247-48, 20 S. Ct. 854, 855, 44 L.Ed. 1055 (1900); *In Re Fed. Sav. and Loan Ins. Corp.*, 837 F.2d 432, 434 n.2 (11th Cir.

1988). Consent

> does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have the authority to do so, that it has actually consented to such action. Otherwise, there would be nothing on the record "to bind" the allegedly consenting defendant.

*Getty Oil Corp. v. Ins. Co. Of N.A.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1998). Unanimous consent is required to be expressed to the court within 30 days after receipt of service of process. *Newman*, 109 F. Supp.2d at 1345. Fred's received service on November 14, 2005 and Cintas received service on November 15, 2005. Thus, Cintas had until December 14 or 15, 2005, to either join Fred's Petition for Removal, file a notice of consent to Fred's Petition, or file its own notice of removal.

Defendants argue that even though Cintas did not sign Fred's Petition for Removal, file a notice of consent, or file its own notice of removal within the 30-day time limit, Cintas adequately expressed its consent within the time limit. First, Defendants assert that the language of the Petition for Removal referring to both Defendants constitutes consent. The majority rule, however, is that "it is simply not enough that the removing party in its notice of removal represents that the other defendants consent or do not object to the removal." *Newman*, 109 F. Supp. 2d at 1346 (quoting *Wakefield v. Olcott*, 983 F. Supp. 1018, 1021 (N.D. Ala. 1996)). *See also Miles v. Kilgore*, 928 F. Supp. 1071, 1076 (N.D. Ala. 1996)(holding that "in a civil action where there are several served defendants the mere bald, unsupported assertion in a notice of removal by one removing defendant that all other

4

defendants consent to the removal fails to constitute sufficient consent to removal"). The references made to both Defendants in the Petition for Removal at issue here are even less clear evidence of consent than an express statement by one defendant that all defendants consent. Thus, the Court holds that the references to both Defendants are insufficient to constitute consent by Cintas to removal.

Second, Defendants argue that Cintas' filing of an Answer within the 30-day time limit constituted consent to jurisdiction of this Court, and therefore consent to removal. In *Nathe v. Pottenberg*, 931 F. Supp. 822 (M.D. Fla. 1995), defendants Pottenberg and Horner filed a notice of removal on January 30, 1995, which stated that defendant Hartford consented to the removal, but was not signed by a representative of defendant Hartford. On February 8, 1995, Hartford filed an answer, which did not acknowledge the notice of removal nor consent to it. As Hartford had been served with process on January 19, 1995, its answer was filed within the 30-day time limit for notifying the court of consent to removal. Nonetheless, the court held that the "defect in the removal notice is not cured by Hartford's later filing an answer" and granted the plaintiff's motion to remand. *Id.* at 825. The facts in the present case concerning the Petition for Removal are virtually identical to those in *Nathe*. Furthermore, the Court must strictly construe the requirements of the remand statute, including the requirement of unanimous consent to removal. By filing an answer, a defendant may not be consenting to removal, but may instead be seeking to avoid the risks of default, prevent the plaintiff's unilateral amendment to a pleading under Rule

5

15(a) of the Federal Rules of Civil Procedure, or may simply be trying to expedite the case in whatever forum it ultimately ends up in. *Lantham v. Borough of Bristol*, 895 F. Supp. 406, 409 (E.D. Pa. 1995). Given this wide variety of potential motives, Cintas' filing of an Answer, even within the 30-day time limit, is insufficient to express the unambiguous consent to removal required by the law.

While the amended Joint Petition for Removal is clearly an adequate expression of the consent of both Defendants, it was filed more than 30 days after service of process was received. Thus, the Court holds that the requirement of unanimous consent to removal within 30 days of receipt of service of process was not met.

Alternatively, Defendants ask that, in the interests of justice, the Court permit the Defendants to amend the Petition for Removal to add the signature of Cintas' counsel. As support for this proposition, Defendants cite *Belasco v. W.K.P. Wilson & Sons, Inc.*, 833 F.2d 277 (11th Cir. 1987). There, even though defendant Wilson did not join the removal petition, the court held that "the ends of justice and judicial efficiency are best served by treating the removal petition as if it had been amended to include Wilson." *Id.* at 282. However, that case is inapposite here because the reason for treating the removal petition as if it had included Wilson had nothing to do with the circumstances of the filing of the petition. Rather, the reason for the court denying the motion to remand was the "novelty, complexity, and technicality" of the federal ERISA preemption issues raised in that case. *Id.* This action raises no such complex issues, therefore the "ends of justice" do not require

that the case remain in this Court.

## IV. Conclusion

For the reasons set forth above, Plaintiff's Motion to Remand for Procedural Defect (Doc. # 7) is GRANTED and this case is REMANDED to the Circuit Court for Tallapoosa County at Alexander City, Alabama. The Clerk of Court is DIRECTED to take the necessary steps to effectuate the remand of this case to the Circuit Court for Tallapoosa County at Alexander City, Alabama.

DONE this the 7th day of March, 2006.

                                        /s/ Mark E. Fuller
                                CHIEF UNITED STATES DISTRICT JUDGE